In the Matter of the Dissolution of the Marriage of
GOGER, *Appellant,*
*and*
GOGER, *Respondent.*
(No. 31009, CA 6570)

557 P2d 46

*Gary E. Rhoades,* Portland, argued the cause for appellant. With him on the brief was O'Donnell, Rhoades & Gerber, Portland.

*J. W. Walton,* Corvallis, argued the cause for

respondent. With him on the brief was Ringo, Walton & Eves, Corvallis, and Dick & Dick, The Dalles.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this dissolution-of-marriage proceeding, husband appeals from the trial court's division of the marital assets.

At the time of the dissolution of this marriage of seven years, husband was 30 years old and wife was 29. Wife is employed as a school teacher and earned $11,055 in 1975.[1] Husband is a dentist and in 1975 received a salary of $45,000 from the professional corporation of which he is the sole stockholder. In addition to paying husband's salary in 1975, the corporation contributed in excess of $10,000 to pension and profit-sharing plans of which husband was the sole beneficiary, and also retained earnings of $11,568.85.

The trial court awarded wife $34,100 in real and personal property and $37,150 in cash payable over seven years. Husband received $41,400 in real and personal property, plus all interest in the professional corporation. The court placed a value of $34,000 on the physical assets of the professional corporation and held:

> " * * * It is the opinion of the Court that an additional value should be placed on the dental practice for purposes of the property division because the income producing potential is much greater than the income producing potential of the respondent's teaching profession. The Court sets this value at $33,000 * * *."

The net result of the court's order, based on its evaluation of the assets, was to award $71,250 in assets to each party. Wife did not seek and was not awarded any support.

Husband contends that the court erred in treating the income-producing potential of the professional corporation as an asset. It is an asset.

---

[1] While husband was in the final two years of dental school, wife's salary provided most of the income of the parties.

■ Although the court used the phrase "income producing potential," it is clear that the court was referring to the value of the professional corporation above and beyond the value of just its physical assets. This additional value, the goodwill of the professional corporation, is not only an asset, *see Kwipco, Inc. v. General Trailer Co.,* 267 Or 184, 515 P2d 1317 (1973); *Kaller v. Spady,* 144 Or 206, 10 P2d 1119, 24 P2d 351 (1933), but may, for a professional corporation such as husband's, often be the principal asset possessed by the corporation. As such, goodwill may be properly considered when an interest in a corporation is among the marital assets to be divided.

■ Husband next contends that the court erroneously attached a value of $33,000 to the goodwill of the professional corporation. As stated by the Supreme Court in *Levene et ux v. City of Salem,* 191 Or 182, 229 P2d 255 (1951), the value of goodwill may be shown in a number of ways:

> " * * * It appears * * * that there is no specific rule for determining the value of good will, and that each case must be considered and determined in the light of its own particular facts * * *. Elements which may be considered are, length of time the business has been in existence; the nature and character of the business; its success or lack thereof; its average profits; and the probability of its continuance under the same name. 2 Sutherland, Damages, 4th ed., p. 1459, § 448. Past profits may be established, and the value of the good will estimated therefrom as a basis, subject to being reduced by a showing of a depression in trade or other circumstances that would tend to make the business less valuable * * *." 191 Or at 200.

*See also Sol-O-Lite Laminating Corp. v. Allen,* 223 Or 80, 353 P2d 843 (1960).

■ Here, husband testified that his practice is expanding, that he has recently opened a branch office in a neighboring town, that his income and that of the professional corporation has been increasing, and that his professional corporation has recently purchased

the practice of another dentist and the physical assets relating to it. Husband introduced no evidence establishing what he believed the value of the goodwill of the professional corporation to be and, in the absence of any evidence indicating that the court erroneously valued the goodwill of the corporation, we find no reason to disturb the court's decree.

Affirmed. Costs to respondent.