In re MARRIAGE OF PATRICIA JOAN WHITE, Petitioner-Appellant, and CHARLES GREGG WHITE, Respondent-Appellee.

Fifth District    No. 79-594

Opinion filed July 29, 1981.

Mitchell & Armstrong, Ltd., of Marion (J. C. Mitchell, of counsel), for appellant.

Donald V. Ferrell, of Jelliffe & Ferrell, of Harrisburg, for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

This is an action to dissolve the marriage of Charles Gregg White and Patricia Joan White. The petitioner, Patricia, appeals from the portion of the judgment of the circuit court of Saline County pertaining to the disposition of marital property, the award of maintenance for herself and two minor children, and the denial of her request for attorney fees.

The evidence introduced at trial established that the parties were married in 1953 and had three children, two of whom were minors, ages 17 and 13, when the marriage was dissolved. The respondent is a dentist and is employed by Charles G. White, Ltd., a professional corporation which was formed in 1977, he being the sole shareholder. Since 1977, respondent's compensation after taxes has been roughly $40,000 a year. The wife was 43 years old when final judgment was entered. She has not been employed during the last 17 years of the marriage although she has done bookkeeping and cleaning for the corporation. She received no salary from the corporation.

On July 11, 1979, the court entered an order disposing of the marital property and awarding maintenance for the wife and child support for the children. In its order, the court made specific disposition of the marital property of the parties. The proceeds of a prior sale of the marital residence were divided; respondent was awarded his office building and certain other property in Eldorado, Illinois, in exchange for his payment of a specified sum to petitioner. Further, the court made a division of various items of the parties' personal assets and ordered certain other items sold and the proceeds divided. A $1000 certificate of deposit was ordered to be held by the parties as co-trustees for their daughter, Patricia. Additionally, two life insurance policies totaling $150,000, were awarded to respondent, and he was ordered to maintain them in force with the children of the parties as co-beneficiaries. Respondent also was awarded all equipment relating to his business.

The court's order further provided that petitioner was awarded custody of the minor children of the parties, subject to rights of reasonable visitation by respondent. As to petitioner's demand for maintenance and child support, the judgment specifically provided that:

"a. Respondent shall pay to the Petitioner immediately upon the entry of the Judgment herein the sum of $5,000.00 which sum shall represent the reasonable educational expenses of Petitioner herein. Thereafter, Respondent shall pay to Petitioner the sum of $600.00 per month for a total of thirty-six (36) months. Thereafter, maintenance as to the Petitioner shall be terminated.

b. The Respondent shall pay as and for child support the sum of $300.00 per child, per month; said payments to be made through the clerk of the Circuit Court of Saline County, Illinois. Said payment to terminate as to each child when said child reaches his or her 18th birthday. Upon that child reaching its 18th birthday, the Respondent shall pay as and for the reasonable and necessary college or vocational educational expenses, the sum of $250.00 per month, per child. Said payments shall terminate as to each respective child upon the child's graduating from college or vocational school. However, in no event shall the educational expenses be maintained with respect to any one child for longer than four (4) years from the date said child originally enters college or vocational school."

Initially, the wife contends that the trial court erred in finding that the husband's professional corporation is not marital property as defined in section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503). The husband argues that the professional corporation cannot be marital property because a professional corporation is not property as contemplated by the Act.

We are aware of no Illinois case directly addressing this issue; however as a general matter, business interests, such as a sole proprietorship or stock in a closed corporation, which are acquired subsequent to the marriage are regarded as marital property under section 503(b) of the Act. (*In re Marriage of Leon* (1980), 80 Ill. App. 3d 383, 399 N.E.2d 1006; *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488.) In *Olsher* the court noted that in spite of the fact that the closed corporation stock was without an established market value, it nevertheless possessed an ascertainable value with respect to the division of marital property. Further, to avoid the harmful effects of fragmented ownership of a business by divorced spouses, these business interests are usually awarded to a single spouse, and compensation for the other spouse's marital share of the business may be made by awarding offsetting marital property or installment payments to such spouse. *Cf. In re Marriage of Leon; In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 398 N.E.2d 126; Ill. Ann. Stat., ch. 40, par. 503, Historical and Practice Notes, at 468 (Smith-Hurd 1980).

The court in *In re Marriage of Leon* made reference to the issue of whether a professional corporation may be treated as marital property; however, its statement is in the nature of dictum. The court there observed:

"* * * [P]arenthetically, we note that the weight of authority in other jurisdictions is that the interest of a spouse in a law or medical partnership including the 'good will' of such business has been held to be marital property. (See *Stern v. Stern* (1975), 66 N.J. 340, 331 A.2d 257; *In re Marriage of Goger* (1976), 27 Ore. App. 729, 557 P.2d 46; *In re Marriage of Lukens* (1976), 16 Wash. App. 481, 558 P.2d 279; *Moss v. Moss* (1976), 190 Colo. 491, 549 P.2d 404; *In re Marriage of Kelley* (1973); Annot., 74 A.L.R.3d 621 (1976).) The insurance proprietorship of the husband appears to be similar to that of a sole practitioner in a professional business and it would appear that the reasoning of these cases is applicable to the husband's business." 80 Ill. App. 3d 383, 386, 399 N.E.2d 1006, 1009.

We are aware of no reason why the principles which govern the disposition of a sole proprietorship or closed corporation should not apply to professional corporations. Neither do we perceive any economic or public policy reason why a professional corporation should not be treated as marital property subject to disposition by the court. Other jurisdictions have in fact held that professional corporations or partnerships constitute marital property. See, *e.g., Moss v. Moss* (1976), 190 Colo. 491, 549 P.2d 404 (professional medical corporation); *In re Marriage of Nichols* (Colo. 1979), 606 P.2d 1314 (dental practice); *In re Marriage of Goger* (1976), 27 Ore. App. 729, 557 P.2d 46 (professional dental corporation).

■■ In the instant case, the tax return of Charles G. White, Ltd., indicates

that for the year ending September 30, 1978, the corporation had assets, excluding good will, in the amount of $31,000. During this year the husband drew $57,200 in compensation from the corporation. Thus, it cannot be said that the professional corporation is without value to the husband or as a business. A disposition of the professional corporation in a manner consonant with section 503 need not pose a threat to public policy. It would be permissible for the husband to be awarded all the stock in the corporation while the wife's marital share in it could be made up from offsetting marital property or installment payments. Such a distribution would not only be equitable but would eliminate the possibility of a nonlicensed spouse interfering with the services rendered by the professional corporation. We therefore hold that a professional corporation may constitute marital property under the Illinois Marriage and Dissolution of Marriage Act.

The husband incorporated his practice in 1977 and is sole shareholder in Charles G. White, Ltd. His interest in the corporation arose subsequent to the marriage and therefore is marital property under section 503(b). Accordingly, the trial court's failure to designate the professional corporation as marital property and dispose of it accordingly under section 503(b) constitutes error.

The husband urges that if the professional corporation were held to be marital property, the wife waived any error in the judgment because she did not offer evidence as to the value of the corporation. In support of this claim he relies on *In re Marriage of Preston* (1980), 81 Ill. App. 3d 672, 402 N.E.2d 332, wherein this court held that an issue not raised at trial is waived on review. We do not find *Preston* controlling here.

■■ The issue of whether the professional dental corporation is marital property was raised at trial and in the post-trial motion. We cannot equate lack of sufficient evidence with waiver under the circumstances present in the instant case. *In re Marriage of Leon* dealt with insufficient evidence with respect to the value of a sole proprietorship insurance company. The court there held that the value of the business could not be ascertained solely on the basis of books and records of the business which were introduced into evidence. Rather than deem the issue pertaining to the value of the business waived, the court remanded the cause for additional evidence. In accordance with *Leon*, we remand this cause for a new trial with directions that evidence be received to enable the trial court to ascertain the value of Charles G. White, Ltd., and make distribution of such value.

As we have noted, the tax records which show the professional corporation's assets to be worth $31,296.91 do not include good will in the evaluation. The husband contends that good will should not be considered an element of the value of the corporation. ,

The court in *Leon* noted that good will in a sole proprietorship insurance agency should be considered a business asset for valuation purposes and there stated:

> "* * * we note that the weight of authority in other jurisdictions is that the interest of a spouse in a law or medical partnership including the 'good will' of such business has been held to be marital property. [Citations.]" (*In re Marriage of Leon* (1980), 80 Ill. App. 3d 383, 386, 399 N.E.2d 1006, 1009.)

Courts which allow good will to be included in the valuation do so under the theory that despite the intangible quality of good will in a professional practice, it is of value to the practicing spouse both during and after the marriage and its value is manifested in the amount of business and, consequently, in the income which the spouse generates. Annot., 52 A.L.R.3d 1344 (1973).

■■ The opposing view, as expressed in *Nail v. Nail* (Tex. 1972), 486 S.W.2d 761, is that good will is too contingent and speculative to be valued as an asset because good will evaporates if the practicing spouse dies, retires, becomes disabled, or sells the practice. We find this rationale to be unacceptable. It fails to take into account the fact that the value of good will frequently remains after the death, resignation, or disability of a person who generates it. If it were otherwise, we are unable to conceive the basis for the popular practice of retaining the names of deceased or withdrawn members in many professional firms long after their death or withdrawal. We think the better rule to be that good will should be a factor to consider when appraising the value of a professional corporation. Accordingly, on remand, evidence regarding the value of good will is admissible.

Under the statutory scheme of the Illinois Marriage and Dissolution of Marriage Act, maintenance, child support, and attorney fees are directly related to the final property disposition since these awards are dependent upon the financial resources of the party, including marital property, for whom the award is made. (Ill. Rev. Stat. 1979, ch. 40, pars. 504(b)(1), 505(a)(2), 508(a).) Having found that the division of marital property by the trial court was improper, we remand the entire cause for a new trial so that the maintenance and child support awards and the decision to allow or deny attorney fees can be determined in view of the resources available to the wife after an equitable division of marital property is effected. *In re Marriage of Amato* (1980), 80 Ill. App. 3d 395, 399 N.E.2d 1018; *In re Marriage of Leon.*

Reversed and remanded with directions.

JONES and KARNS, JJ., concur.