Sue B. HELLER, Appellant,

v.

Frank A. HELLER, Jr., Appellee.

Frank A. HELLER, Jr., Cross-Appellant,

v.

Sue B. HELLER, Cross-Appellee.

Court of Appeals of Kentucky.

July 20, 1984.

William P. Mulloy, B. Mark Mulloy, Louisville, for appellant.

J. Ben Cress, Louisville, for appellee.

Before COOPER, MILLER and WILHOIT, JJ.

COOPER, Judge.

This is an appeal and cross-appeal from findings of fact, conclusions of law and a judgment settling the respective property rights between the parties in a divorce action. On appeal, the principal issue is whether the trial court erred, as a matter of law, in ruling that the appellee's accounting business—including its "goodwill"—was not a marital asset as defined in KRS 403.190(3). Reviewing the record below, we affirm in part, reverse in part and remand.

The facts relative to this action are as follows: In April of 1982, a decree of dissolution of marriage was entered dissolving the marriage between the appellant, Sue B. Heller, and the appellee, Frank A. Heller, Jr. The parties were married in July of 1953 and had three children, all emancipated at the time this action was filed. At the time the divorce decree was entered, the appellee had remarried and was employed as a certified public accountant. The appellant has not remarried and is presently pursuing a degree in nursing.

Subsequent to the entry of the divorce decree, the trial court referred the question of the parties' respective property rights to a commissioner. As part of his determination, the commissioner issued findings of fact, including the following:

Respondent received his college degree in 1953 prior to the marriage and after some time in the Navy he began working in 1955 as an accountant. In 1968 he became a CPA and was engaged in practice part time until 1974 at which time he purchased an accounting practice from the estate of James L. Kortz for $22,474.00. The practice was valued and paid for on the basis of 20% of the gross income produced by the practice over a five year period. At the time of purchase the Kortz practice was generating fees in an annual gross amount of $22,000.00.

Since the purchase of the Kortz practice the Respondent's practice has doubled and according to his testimony his practice had a value of $39,278.59 as of December 31, 1971.

Respondent's gross (taxable) income for 1979 was $55,617.04, for 1980, $54,835.54 and for 1981 the gross was $66,911.88. He estimates his 1982 gross taxable income to be $65,000.00. He testified that the average for his practice over the past five years was $50,000.00.

Mr. Joseph Chalfant an expert qualified to value the interest of Respondent's practice, by stipulation of the parties, agreed that if he testified, he would value the practice at $50,000.00.

Respondent argues that the value of his practice is not a divisible marital asset. KRS 403.190(3) states in effect that all property acquired by either spouse after the marriage and before dissolution is presumed to be marital subject to the exceptions listed in subsection (2). Respondent's business asset value does not fall within the exceptions. Your Commissioner finds the marital value of Respondent's practice to be $50,000.00 based on the valuation placed by Joseph Chalfant, and the testimony of Respondent that he paid an equivalent of one years gross income for the practice he purchased in 1974 from the Kortz estate, and that his practice has doubled since that purchase.

Accordingly, the commissioner included the existing value of appellee's accounting business in the marital estate. Additionally, he recommended that the appellant be awarded maintenance in the amount of $1,200 per month for a two-year period subject to review on the basis of changed circumstances.

In an order adopting the findings of fact and conclusions of law of the commissioner, the trial court denied the appellee's exceptions as to the award of maintenance.

Nevertheless, it held that under the language of the Courts in *Moss v. Moss*, Ky. App., 639 S.W.2d 370 (1982), and *Inman v. Inman*, Ky., 648 S.W.2d 847 (1982), the appellee's accounting practice was not a marital asset. Specifically, the trial court held as follows:

> Accordingly, the Court concludes that respondent's license to practice accounting, and his practice, is not marital property within the meaning of KRS 403.-190(3).

It is from such order and judgment that the appellant appeals. The appellee cross-appeals with respect to the award of maintenance.

On appeal, the principal issue is whether the trial court erred, as a matter of law, in ruling that the appellee's accounting practice, including its goodwill, was not a marital asset as defined in KRS 403.190(3). Section (3) of the statute states as follows:

> (3) All property acquired by either spouse after the marriage and before a decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of coownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (2) of this section ...

Here, the question is whether the appellee's existing business, as distinguished from his license to practice accounting—*cf. Moss, supra,* and *Inman, supra,*—is marital property under the statute. In the evidence presented to the trial court, it was established that beginning in 1960, the appellee began developing a small accounting business on his own. In 1968, he formed an association with another accountant and continued his practice while employed by the City of Louisville. In 1974, the appellee purchased an established accounting practice from the estate of James L. Kortz. As part of the purchase agreement, the appellee agreed to pay the Kortz estate 20% of any sums collected from existing clients for a period of five years, and 10% of any sums received from any client referred by a Kortz client for a one-year period. Over the five-year period, the appellee paid the estate $22,474.51. By his own testimony, the appellee purchased the goodwill of an existing enterprise, and valued his practice as follows:

| | |
|---|---|
| Cash in hand | $ 797.95 |
| Accounts receivable | $15,950.00 |
| Depreciated office equipment | $ 3,608.63 |
| Goodwill from Kortz's practice | $18,922.01 |
| Total | $39,278.59 |

Joseph Chalfant, qualified as an expert to appraise the business, valued the practice at $50,000. It was this value which the commissioner placed on it.

Courts in other jurisdictions have held that a spouse's interest in a professional practice, partnership, or corporation is a marital asset subject to equitable distribution. *See Re Marriage of White*, 98 Ill. App.3d 380, 53 Ill.Dec. 786, 424 N.E.2d 421 (1981). Furthermore, courts have held that the value of a corporation, including the goodwill attendant thereto, is a marital asset to be divided equitably. *See Re Marriage of Goger*, 27 Or.App. 729, 557 P.2d 46 (1976); Annot., 52 A.L.R.3d 1344 (1973); 24 Am.Jur.2d *Divorce and Separation* § 899 (1983).

██ Under the language of KRS 403.-190(3), all property acquired by either spouse subsequent to the marriage is marital property. Given such language, we find that the trial court erred, as a matter of law, in not ruling that the existing assets comprising the appellee's practice—the cash in hand, the accounts receivable, and the depreciated equipment—constituted marital property. Clearly, such assets have a clearly definable value on an open market and are distinguishable from the value of a professional degree or license. *See Inman, supra.*

██ Furthermore, we hold that the goodwill contained in the business is a factor to be considered in arriving at the value of the practice. By the appellee's own testimony, the goodwill contained in the practice of

James Kortz was purchased for a specific price. The Court in *Culver v. Culver*, Ky. App., 572 S.W.2d 617 (1978), in ruling that a corporation wholly owned by the husband was marital property, indirectly acknowledged that goodwill of the corporation was an item to be considered in determining the property's valuation. In *Re Marriage of Nichols*, 606 P.2d 1314 (Colo.Ct.App.1979), the Colorado Court of Appeals held that the value of goodwill incident to a professional practice is a divisible marital asset. In so ruling, the Court distinguished the value of goodwill in an existing business and the value of an advanced educational degree:

> [P]rofessional practices that can be sold for more than the value of their fixtures and accounts receivable have salable goodwill. A professional, like any entrepreneur who has established a reputation for skill and expertise, can expect his patrons to return to him, to speak well of him, and upon selling his practice, can expect that many will accept the buyer and will utilize his professional expertise. These expectations are a part of goodwill, and they have a pecuniary value ... This limited marketability distinguishes professional goodwill from the advanced educational degree, which, because it is personal to its holder and is non-transferable, was held not to be property in *Graham*. At p. 1315.

*See also Re Marriage of Goger, supra; Hurley v. Hurley*, 94 N.M. 641, 615 P.2d 256 (1980); and *Slater v. Slater*, 100 Cal. App.3d 241, 160 Cal.Rptr. 686 (1980).

Accordingly, on remand we direct the trial court to take additional proof as to the existing value of the appellee's accounting practice, including his cash on hand, accounts receivable as of the time the decree of dissolution of marriage was entered on April 20, 1982, its depreciated office equipment, and its goodwill.

Although both appellant and appellee appeal from that portion of the trial court's order awarding the appellee maintenance, we decline to address such issue given our ruling herein. On remand, the trial court is directed to consider the award and amount of maintenance in light of the re-evaluation and division of all the marital assets.

The order and judgment of the trial court is reversed with directions that it take additional proof on the question of the value of the appellee's existing accounting practice and the award of maintenance.

All concur.