**Angelyn Jenkins SMITH, Plaintiff-Appellant,**

v.

**Ewing SMITH, Jr., Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 11, 1985.

Rehearing Denied Nov. 14, 1985.

Application for Permission to Appeal Denied by Supreme Court March 24, 1986.

Waller, Lansden, Dortch & Davis, George E. Copple, Jr., Nashville, for plaintiff-appellant.

Pack & Neil, A.B. Neil, Jr., Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

The chief complaint in this appeal is of the failure of the Trial Judge to treat the husband's law practice as a marital asset. For the reasons set forth below, we hold that a law practice may be a marital asset but that the value placed on it does not include the professional good will of the firm.

The parties married in 1952. The two children born of the marriage have reached the age of majority. The husband, licensed as an attorney in 1956, is a thirty percent partner in a Murfreesboro law firm in which his father was a partner before him. Mr. Smith's income from the law firm averaged approximately $96,000.00 per year for the last five years. The wife has a college degree in accounting and has worked part-

time as an accountant for several years although she is neither a public accountant nor a certified public accountant. Her income for the five years preceding the divorce averaged approximately $8,700.00 per year.

The case was set for trial on September 10, 1984. On August 29, 1984, counsel for the wife wrote a letter to the Trial Judge advising him that because counsel was to undergo surgery on September 6, 1984 and would be unable to work for approximately three weeks afterward, the trial date should be changed. The letter concluded by asking if anything else was necessary to get the date changed. The Trial Judge replied on August 31st advising counsel to have one of his associates handle the case in his absence. An associate did attend to handle the trial for the wife and the hearing proceeded on schedule.

At the close of the proof, the Trial Judge granted the wife a divorce, made a division of the property, and granted the wife temporary support in the amount of $1,000.00 per month for one year. With two exceptions the Trial Judge split the marital property generally down the middle. The two exceptions are a building which the husband owns in common with his sisters and the husband's law practice. The final judgment does not mention either.

The appellant does not raise an issue on appeal about the building. Although both parties listed the building on their schedules as marital property, it is possible that they considered it separate property since the husband's interest in it apparently came from his father.

■ The first issue raised by the appellant concerns the action of the Trial Judge in refusing to grant a continuance when twelve days before the trial appellant's counsel notified the court that due to health problems he would not be able to attend.

We note, however, that counsel did not make a motion for a continuance. The record would not even contain the letters exchanged by counsel and the Trial Judge except for the fact that they are exhibits to appellant's motion to reopen the proof and for an amended judgment. When the Trial Judge suggested to counsel that he send an associate to try the case, that is exactly what happened. (The court takes judicial notice of the fact that the associate assigned to try the case for the appellant is an extremely capable and experienced trial attorney.) No further motions were filed and the transcript of the proceedings on September 10, 1984 does not contain any protest that counsel was not ready or was handicapped in his presentation of the case to the court. Under the circumstances, the court would not be in error for its action in insisting that the case proceed on schedule.

The next three issues raised by the appellant deal with the Trial Judge's failure to treat the husband's law practice as marital property. Under the scheme adopted by the legislature for the treatment of property owned by the parties to a divorce, the Trial Judge has a positive duty to "equitably divide" what the legislature has called "marital property." T.C.A. § 36–4–121(a). In former times we called this type of asset "jointly owned" or "jointly held" property. The statute now says the court having jurisdiction shall equitably divide, distribute or assign the marital property between the parties without regard to marital fault in proportions as the court feels just. The statute then undertakes to define marital property and its counterpart "separate property."

(b)(1) "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage and presently owned by either or both spouses; including income from, and any increase in value during the marriage, of property determined to be separate property in accordance with subdivision (2) of this subsection if each party substantially contributed to its preservation and appreciation and the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage. Property shall be considered marital property as

defined by this subsection for the sole purpose of dividing assets upon divorce and for no other purpose; and

(b)(2) "Separate property" means all real and personal property owned by a spouse before marriage; property acquired in exchange for property acquired before the marriage; income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (1) of this subsection; and property acquired by a spouse at any time by gift, bequest, devise or descent.

T.C.A. § 36–4–121.

■ Is a law practice marital property or separate property under these sections of the Code? From an inspection of the statute we conclude it may be either. Under the circumstances of this case, however, the husband's interest in the law practice is indisputedly marital property. Other sections of the Code clearly show that a profession is included in the definition of marital property. Section (f)(1) of T.C.A. § 36–4–121 provides that the court may make an award of money to achieve equity between the parties where a distribution of an interest in a profession would be contrary to law. We think that describes the situation here. Numerous decisions from courts in other states also support that conclusion. *See Owens v. Owens,* 672 S.W.2d 67 (Ky. App.1984); *Heller v. Heller,* 672 S.W.2d 945 (Ky.App.1984); *In re Marriage of White,* 98 Ill.App.3d 380, 53 Ill.Dec. 786, 424 N.E.2d 421 (1981); *In re Marriage of Goger,* 27 Or.App. 729, 557 P.2d 46 (1976); and *Dugan v. Dugan,* 92 N.J. 423, 457 A.2d 1 (1983).

■ Having established that an interest in a profession may be a marital asset, what are the circumstances that make it so in this case? The husband entered into the practice of law in 1956, four years after the parties married. The wife worked the last six months of the husband's stay in law school; she worked part-time from 1956 until 1983, the last nineteen years as the bookkeeper for the husband's law firm. For these services she received an hourly wage which she kept in her own account but spent some of it on family expenses, some on investments in her own name, and some on investments in her husband's name. She helped raise the children and did her share in making a home, keeping it going, and generally getting ahead. Under these circumstances, the law practice is a property acquired by both spouses during the marriage and presently owned by both spouses.

Therefore, under the command of T.C.A. § 36–4–121(a), the Trial Judge had a duty to make an equitable division of the marital property including the husband's interest in the law practice.

■ The next question is what elements of a profession are taken into account in arriving at the value of that profession for purposes of making an equitable division. The physical assets, of course, such as the furniture, buildings, library, etc., are things that have an ascertainable value and should be taken into account. The accounts receivable, properly weighted, should have a definite value. The most troublesome question involves the good will of the firm. Is that an asset that can be considered part of the marital property? Other states are split on the question, although a clear majority hold that the good will of the firm should be considered and evaluated in making a division of the marital property. *See* Annot. 52 A.L.R.3d 1344.

We are not persuaded, however, that this state should adopt the rule that professional good will is a part of the marital estate. We find the position taken by the Wisconsin Court of Appeals in *Holbrook v. Holbrook,* 103 Wis.2d 327, 309 N.W.2d 343 (App.1981) to be persuasive. The court said:

The concept of professional good will evanesces when one attempts to distinguish it from future earning capacity. Although a professional business's good reputation, which is essentially what its good will consists of, is certainly a thing of value, we do not believe that it bestows on those who have an ownership

interest in the business, an actual, separate property interest. The reputation of a law firm or some other professional business is valuable to its individual owners to the extent that it assures continued substantial earnings in the future. It cannot be separately sold or pledged by the individual owners. The good will or reputation of such a business accrues to the benefit of the owners only through increased salary.

\* \* \* \* \* \*

There is a disturbing inequity in compelling a professional practitioner to pay a spouse a share of intangible assets at a judicially determined value that could not be realized by a sale or another method of liquidating value.

309 N.W.2d at 354–55.

Thus, the professional good will is not a marital asset which would be accounted for in making an equitable distribution of the marital estate.

Unfortunately, aside from the proof about the husband's income, there is not much in the record to help in arriving at a value of the husband's law practice. On her exhibits Mrs. Smith included an entry showing Mr. Smith's share of the accounts receivable at $10,000.00. She admitted it was only an estimation. (Mr. Smith did not object). The only other proof bearing on the value is the husband's admission that he had been taking approximately $8,000.00 per month out of the practice. He says that will change in the future because the partners are changing the method figuring the shares. His share will be smaller.

With the record in this state we believe that the husband's substantial interest in the law firm can best be taken into account by awarding Mrs. Smith a portion of Mr. Smith's share of the income generated by the firm for a limited time. Therefore, Mr. Smith should pay to Mrs. Smith the sum of $1,000.00 per month for two years as her share of that asset.

We also believe that when that division of the marital estate is taken into account there is no need shown for any further temporary support for Mrs. Smith. Therefore, the judgment of the court below is modified to delete the provision for periodic alimony and to award Mrs. Smith the sum noted above as her additional share of the marital property.

Finally, the appellant complains about the Trial Judge refusing to grant post-trial relief by re-opening the proof and awarding the plaintiff expert fees to allow her to prove the value of the law practice. However, we are of the opinion that the decision of whether to reopen the proof is within the discretion of the Trial Judge. Under the circumstances of this case, we do not think the Trial Judge abused his discretion in refusing the motion.

The judgment of the court below is modified as indicated herein and in all other respects it is affirmed. The cause is remanded to the Chancery Court of Rutherford County for any further proceedings necessary. Tax the costs on appeal equally to the parties.

TODD, P.J. (M.S.), and LEWIS, J., concur.