529 So.2d 1163 (1988)
Roger L. MOEBUS, Appellant,
v.
Jo Vance MOEBUS, Appellee.
Nos. 87-1135, 87-1931.
District Court of Appeal of Florida, Third District.
June 28, 1988.
Rehearing Denied September 14, 1988.
*1164 Catlin, Saxon, Tuttle & Evans and H. James Catlin, Jr., Miami, for appellant.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Bertha Claire Lee and Bruce A. Christensen and Ray H. Pearson, Miami, for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The husband and wife were married in 1970. He is a doctor, and she was an airline flight attendant until the birth of her first child in 1974. She did not return to full time employment until 1983, opening an interior design business. Wife filed for dissolution of marriage in April 1986, and final judgment was entered by the trial court in April 1987. Husband appeals an order of the trial court entering final judgment and an order of the trial court awarding attorney's fees to wife's counsel. This court granted consolidation of these two orders for appellate purposes.
The husband argues the trial court committed the following reversible errors:
A. Included a goodwill value in its valuation of husband's medical practice.
B. Refused to take all current liabilities into consideration in awarding the wife a goodwill interest in husband's medical practice.
C. Awarded the wife permanent periodic alimony instead of rehabilitative alimony.
D. Gave an incorrect amount of lump sum alimony to the wife.
E. Ordered the husband to maintain his life insurance policy with wife as the sole beneficiary.
F. Ordered husband to pay for wife's attorney's fees.
G. Failed to award attorney's fees consistent with the evidence presented at the hearing, as the billable hours were unreasonable.
H. Erred in calculating the amount of attorney's fees.
I. Erred in ordering the husband to pay wife's attorney's fees within sixty days of the order.
The appellant also contends that the trial court erred in its application of Swann v. Mitchell, 435 So.2d 797 (Fla. 1983), to this case.
We agree that goodwill is not properly includable in the valuation of the husband's medical practice. This is an issue upon which there is no direct decision in the State of Florida. In looking to other states we find a divergence of opinion as to whether or not goodwill should be considered an asset for purposes of dissolution of marriage.[1] However, we believe the *1165 better view appears to be that goodwill should not be included as an asset. We agree with the Wisc. Court of Appeals which states in Holbrook v. Holbrook, 103 Wis.2d 327, 309 N.W.2d 343, 354 (Ct.App. 1981) that:
* * * * * *
"The concept of professional goodwill evanesces when one attempts to distinguish it from future earning capacity. Although a professional business's good reputation, which is essentially what its goodwill consists of, is certainly a thing of value, we do not believe that it bestows on those who have an ownership interest in the business, an actual, separate property interest. The reputation of a law firm or some other professional business is valuable to its individual owners to the extent that it assures continued substantial earnings in the future. It cannot be separately sold or pledged by the individual owners. The goodwill or reputation of such a business accrues to the benefit of the owners only through increased salary.
* * * * * *
Like an educational degree, a partner's theoretical share of a law firm's goodwill cannot be exchanged on an open market: it cannot be assigned, sold, transferred, conveyed or pledged. Although we recognize the factual distinction between a degree holder and a partner or shareholder in a law firm, we think the similarities compel analogous treatment in a divorce setting. In both cases, the `asset' involved is not salable and has computable value to the individual only to the extent that it promises increased future earnings.
There is a disturbing inequity in compelling a professional practitioner to pay a spouse a share of intangible assets at a judicially determined value that could not be realized by a sale or another method of liquidating value."
Compare Hughes v. Hughes, 438 So.2d 146 (Fla. 3d DCA 1983); Virgin v. Slatko, 358 So.2d 1178 (Fla. 3d DCA 1978). Even if we were to consider goodwill of a professional business as an asset for purposes of dissolution, it would not be applicable in the case sub judice where the actual evidence introduced at trial shows that in this community goodwill is not taken into consideration in the sale of such a specialized practice. This position is buttressed by the stockholder's agreement covering the husband's business, which specifically states that goodwill is not to be considered in valuing the P.A. We recognize that the agreement is not binding upon the wife, but it is permissable evidence as to how the principals to the agreement treated goodwill and is properly considered in determining the question. Therefore, we reverse that portion of the final judgment of dissolution awarding goodwill in computing the value of the husband's medical practice and direct that said practice be valued at $105,000.00, which is one-half the book value of the medical practice.
Reversal of that portion of the judgment utilizing goodwill in determining the value of the husband's medical practice renders the husband's allegation that the trial court failed to take into consideration all current liabilities in awarding goodwill moot.
We find the award of permanent periodic alimony is proper under the facts of this case and therefore affirm the award. See Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988); Holcomb v. Holcomb, 505 So.2d 1385 (Fla. 1st DCA 1987); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981).
As to the award of lump sum alimony, this award was granted to equalize the assets of the parties based upon a determination that goodwill must be used to determine the value of the husband's medical business. Having reversed that portion of the judgment, it is necessary to reverse the award of lump sum alimony for redetermination in light thereof.
We affirm that portion of the final judgment which has ordered the husband *1166 to maintain a life insurance policy with the wife as the sole beneficiary. Clearly the order was for protection of the wife's alimony and as the wife has conceded that she is entitled to share in the proceeds of said life insurance only to the extent the husband is not current with his alimony payments at the time of his death we find no abuse of discretion. See Benson v. Benson, 503 So.2d 384 (Fla. 3d DCA 1987).[2]
In those instances where the trial court has distributed the assets of the marriage placing the parties in equal financial positions it is error to award attorney's fees to the wife. See Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985); Arsht v. Arsht, 467 So.2d 421 (Fla. 3d DCA 1985); Bucci v. Bucci, 350 So.2d 786 (Fla. 3d DCA 1977). Thus as the trial court has made an equal division of the marital assets in the instant case, we must reverse the award of attorney's fees.
The husband's remaining points question the propriety of the calculations in arriving at the amount of attorney's fees awarded by the trial court. Having reversed the award, these issues are rendered moot.
Based on the foregoing, we reversed those portions of the order appealed pertaining to goodwill, the amount of lump sum alimony, and attorney's fees. The awards of permanent periodic alimony, and life insurance to protect alimony are hereby affirmed. The remaining issues are rendered moot by our decision. We remand this cause to the trial court for further proceedings consistent herewith.
Affirmed in part, reversed in part and remanded.
NOTES
[1] See In re Marriage of Slater, 100 Cal. App.3d 241, 160 Cal. Rptr. 686 (1980); In re Marriage of Nichols, 43 Colo. App. 383, 606 P.2d 1314 (1979); In re Marriage of Wilder, 122 Ill. App.3d 338, 77 Ill.Dec. 824, 461 N.E.2d 447 (1st Dist. 1983); In re Marriage of White, 98 Ill. App.3d 380, 53 Ill. Dec. 786, 424 N.E.2d 421 (5th Dist. 1981); Powell v. Powell, 231 Kan. 456, 648 P.2d 218 (1982); Depner v. Depner, 478 So.2d 532 (La. App. 1st Cir.1985); In re Marriage of Hull, 712 P.2d 1317 (Mont. 1986); Poore v. Poore, 75 N.C. App. 414, 331 S.E.2d 266 (1985); Stern v. Stern, 66 N.J. 340, 331 A.2d 257 (1975); Hertz v. Hertz, 99 N.M. 320, 657 P.2d 1169 (1983); Hurley v. Hurley, 94 N.M. 641, 615 P.2d 256 (1980); In re Marriage of Goger, 27 Or. App. 729, 557 P.2d 46 (1976); Marriage of Fleege, 91 Wash.2d 324, 588 P.2d 1136 (1979); Holbrook v. Holbrook, supra.
[2] But see Fiveash v. Fiveash, 523 So.2d 764 (Fla. 1st DCA 1988).