546 So.2d 438 (1989)
Carol B. HARPER, Appellant,
v.
Rex E. HARPER, Appellee.
No. 88-01819.
District Court of Appeal of Florida, Second District.
June 30, 1989.
Rehearing Denied July 20, 1989.
G. Robert Schultz and Jane H. Grossman of the Law Office of G. Robert Schultz, St. Petersburg, for appellant.
Andrew J. Rodnite, Jr., and Joseph R. Park of Park, Smith, Dayton & Bugg, P.A., Clearwater, for appellee.
DANAHY, Judge.
This is an appeal from a final judgment dissolving a thirty-one-year marriage. Among the wife's several contentions is one with which we agree: that the court erred in characterizing an asset of real property as part of a future income stream and thus refused to include it for the present purpose of equitable distribution. We examine all the issues raised before us under the standards set out in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986):
Any problem with such redundant consideration [of marital assets], however, is more likely to lie in a piecemeal appellate review rather than the initial fashioning of remedies in the trial court. We therefore hasten to reiterate the warning set out in Canakaris:

The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.
[Canakaris,] 382 So.2d at 1202.
Diffenderfer, 491 So.2d at 267-68. Thus we are precluded from disturbing any judgment which falls within the trial court's reasonable overall discretion, particularly as here, where the trial court has fashioned a scheme of dependent provisions in the judgment. Our holding, then, falls within the traditionally limited field of endeavor assigned to appellate courts in the context of equitable distribution judgments in dissolution of marriage proceedings  determination of abuse of discretion and correction of errors of law. In this case we find no error in the abuse of discretion category but do find error in the other category in that the court mischaracterized a major asset of the parties. We reverse so that the court may again fashion an equitable distribution scheme with this asset correctly characterized and its value added to those of all the assets subject to distribution.
The point about which we are concerned is the court's treatment of the husband's interest in his accounting partnership, Harper, *439 Van Scoik & Company, an interest which had increased to a total value of approximately a million dollars during the period of the marriage. The court in its order characterized the husband's interest in the partnership as one providing an "income stream" which the court did not wish to disturb due to its nature. The husband himself in the financial affidavits presented to the court was able to give a cash value to these vested interests which are comprised of a twenty-three percent share of the capital account of the partnership and a thirty-six percent ownership interest in the building rented by the partnership, both interests above and beyond any salary he receives as a partner in the accounting firm.[1] These two interests are fixed or vested assets of the husband acquired by him during the marriage. Although the capital account is arguably a source of income for alimony payments in the future when the husband begins to receive the benefits thereof due to death, disability, or retirement, the same cannot be said about the husband's thirty-six percent ownership interest in the land and building which houses the firm. The articles of partnership themselves isolate the value of this real estate and mandate that this value not be included when determining the net assets of the firm for purposes of paying out to retiring partners. It is clear, therefore, that this ownership interest in the real estate cannot be a part of that future "income stream." The court erred in not including this valuable marital asset, which is independent from the husband's other interests in the partnership, when it fashioned its scheme of equitable distribution. Furthermore, it cannot be said that the wife contributed nothing to the value of this marital asset simply because she was primarily a wife and mother while her husband was giving his full attention to his career. See Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988).
We do not preclude the court, in refashioning the judgment on remand, from making security provisions for the awards to this displaced homemaker should the husband predecease her and evidence of need for such security is present. Sobelman v. Sobelman, 541 So.2d 1153 (Fla. 1989); Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980).
The trial court's order is reversed and remanded for reconsideration in light of this opinion.
RYDER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] We do not disturb the court's treatment of that part of the accounting partnership interest which the parties consider the "goodwill account" since that is not capable of valuation for distribution purposes under the facts of the instant case. Moebus v. Moebus, 529 So.2d 1163 (Fla. 3d DCA 1988).