**William R. SCHOTT and Melvin Van De Ven, doing business as Schott & Company, a general partnership, Appellants,**

v.

**Debra A. BEUSSINK, Everett E. Hey, Thomas D. Martin, and Jerry W. Roe, all individually doing business as Beussink, Hey, Martin and Roe, a general partnership for the practice of accountancy, Respondents.**

No. 58888.

Missouri Court of Appeals, Eastern District, Southern Division.

Aug. 6, 1991.

Motion for Rehearing and/or Transfer to Suprme Court Denied Oct. 3, 1991.

Application to Transfer Denied Nov. 19, 1991.

David Scott Limbaugh, John W. Grimm, Cape Girardeau, for appellants.

Walter S. Drusch, Jr., Michael H. Maguire, Cape Girardeau, for respondents.

CRIST, Judge.

Plaintiffs appeal the trial court's ruling directing a verdict for Defendants in a suit for breach of employment contracts. We reverse and remand.

Plaintiffs are general partners in the accounting firm known as Schott & Company. Defendants are four former employees of Schott & Company. During the course of their employment, Defendants worked under a series of one-year employment contracts. The final employment contracts en-

tered into between Schott & Company and Defendants covered the period of July 1, 1985 to June 30, 1986.

Each employment contract contained a noncompete clause that stated in pertinent part:

The Employee covenants and agrees that for a period of two (2) years after the termination of this Agreement that he as an individual or in conjunction with associates or as an employee of another corporation, accountant or firm or company of accountants, will not compete directly or indirectly, solicit or do any tax, auditing, accounting, system, or related types of work of or for any of the clients of the Employer for whom the Employer has done business during the fifteen (15) month period preceding the termination of this Agreement, or with whom they were at that date in negotiation to do business.

On January 29, 1986, Defendants informed Schott & Company that they were terminating their employment immediately. Defendants then opened an office for the practice of accountancy, and began soliciting and performing accounting services for individuals and businesses that were clients of Schott & Company immediately prior to Defendants' departure. Schott & Company brought suit against Defendants to recover damages for the violation of the noncompete agreement.

At trial, Plaintiffs Schott and Van De Ven, both Certified Public Accountants, testified that the value of an accounting practice is frequently based on the firm's gross billings over a one-year period. Plaintiffs then testified that the proper method of valuation of lost clients is the same as that used when selling the practice. Plaintiffs calculated the average annual billings of the lost clients, according to which Defendant worked on the account, as follows: Ms. Beussink, $66,381; Mr. Hey, $21,410; Mr. Martin, $20,187; and Mr. Roe, $29,599.

Defendants objected to this method of determining damages. They argued that Plaintiffs were required to use lost profits as the method of determining damages, both as a matter of law and because Plaintiffs' pleadings asked for damages in an amount equal to the loss of business revenues and profits. The trial court held that Plaintiffs could either claim damages in the form of lost profits, or in the form of the decrease in the valuation of the business, if the method of valuation was accepted in the trade. The court found that either form of damages was within the pleadings.

The calculations used to determine the average annual billings of the lost clients were introduced in documentary form as exhibits. The trial court withheld ruling on Plaintiffs' offer of these exhibits into evidence until Defendants had an opportunity to cross-examine Mr. Schott concerning the exhibits. During cross-examination, Mr. Schott admitted there was a clerical error in one of the exhibits. On learning this, the court directed Plaintiffs to compile the invoices backing up this data. Plaintiffs were unable to compile all the invoices, but did return with the invoices supporting the exhibit concerning one Defendant, Jerry Roe.

At this point, Plaintiffs stated they had no more witnesses to call. While the record is unclear, it appears they rested subject to the admissibility of the exhibits. The trial court stated that if they "got into trouble on rebuttal," they could "rework it." When Plaintiffs produced the invoices pertaining to the one Defendant, the trial court found them not credible and directed a verdict for Defendants.

On appeal, Plaintiffs argue that the trial court erred in directing the verdict because Plaintiffs proved all the elements of their case, including damages. They also assert the directed verdict was error because Plaintiffs had not yet rested their case. Finally, they contend that even if they had rested their case, the trial court should have allowed them to reopen the case to introduce additional evidence on the issue of damages.

Defendants counter that the "Points Relied On" section of Plaintiffs' brief is deficient in that it only sets out an abstract statement of the law. Defendants argue the points do not inform the court of

wherein and why the action of the trial court was erroneous. While Plaintiffs' points were poorly formulated, they were permissibly briefed. The informational purpose of the brief was accomplished and the brief does not warrant dismissal.

■ Plaintiffs are correct in their assertion that the trial court erred in directing a verdict. When determining whether a submissible case has been made, the Plaintiffs' evidence is presumed to be true and Plaintiffs are given the benefit of all reasonable and favorable inferences drawn from the evidence. *Grube v. Associated Dry Goods*, 663 S.W.2d 310, 311[1–3] (Mo.App.1983).

■ In this case, there is little question but that Plaintiffs established at least some damages. Although the more usual measure of damages for breach of a noncompete agreement is loss of profits, the diminution of value of the Plaintiffs' business is also a possible measure. *See Budget Rent-a-Car of Missouri, Inc. v. B & G Rent-a-Car, Inc.*, 619 S.W.2d 832, 835–6 and 842 (Mo.App.1981).

■ Both Plaintiffs testified regarding the specific amount of injury to their business as a result of Defendants' breach. Their testimony concerning their method of valuing their accounting practice as a percentage of gross revenues has been approved (for the purposes of distribution of marital property) by courts in other states. *See, e.g., Mitchell v. Mitchell*, 152 Ariz. 317, 732 P.2d 208 (Ariz. banc 1987); *Heller v. Heller*, 672 S.W.2d 945, 946 (Ky.App. 1984). Further, a business owner can testify to the damage he perceives has been done to his business as the result of another's actions. *See Aluminum Products Enterprises, Inc. v. Fuhrmann Tooling and Manufacturing Co.*, 758 S.W.2d 119, 122 [2] (Mo.App.1988). This is particularly true where, as in this case, the business owners have been engaged in the purchase of other similar businesses.

Additionally, it is unclear whether Plaintiffs technically rested their case. The trial court stated that if there was any problem with the admissibility of Plaintiffs' exhibits, they would get a chance to rework them or submit additional evidence. On a directed verdict, we must resolve such an issue in favor of Plaintiffs. While the evidence here is found wanting in that Plaintiffs' documentation needed additional support, it was certainly sufficient to withstand a motion for directed verdict. Plaintiffs should, however, be aware that evidence sufficient to withstand a motion for directed verdict may be insufficient to sustain a substantial verdict.

Judgment reversed and remanded for a new trial.

CRANDALL, C.J., and AHRENS, J., concur.