# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

October 14, 1998

Cecil W. Crowson
Appellate Court Clerk

CAROLYN VIRGINIA WALLACE, )
)
Plaintiff/Appellee, )
) Appeal No.
) 01-A-01-9712-CC-00751
VS. )
) Davidson Circuit
) No. 96D-248
RANDEL EUGENE WALLACE, )
)
Defendant/Appellant. )

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MARIETTA M. SHIPLEY, JUDGE

LOUISE R. FONTECCHIO
BRUCE, WEATHERS, CORLEY,
  DUGHMAN & LYLE
2075 First American Center
315 Deaderick Street
Nashville, Tennessee 37238-2075
        Attorney for Plaintiff/Appellee

W. A. MOODY
MOODY, WHITFIELD & CASTELLARIN
95 White Bridge Road, Suite 509
Nashville, Tennessee 37205
        Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

This case involves the value of a CPA firm included in the marital assets. The trial judge found the value to be $140,000. We affirm.

## I.

Among other assets the parties had accumulated during their marriage was an accounting firm that started as the wife's bookkeeping business in the late 1970's. Husband, a CPA and a teacher at Nashville Tech, began to get involved and do tax work for his wife's clients. At first the parties worked out of their home, but by the time of the divorce they worked out of an office building on White Bridge Road. The husband was by then the primary source of the professional services rendered to the clients.

In November of 1994 the husband purchased another accounting firm's client list and office assets for approximately $100,000. In December of 1995 he filed a financial statement with the bank showing the value of his firm at $260,000. He testified in the divorce hearing that the personal property in the business was worth $64,900 and that the accounts receivable amounted to $40,000. The wife testified that in 1995 the husband was considering selling the business and that he valued it at between $310,000 and $350,000. The trial judge found that the firm was a marital asset and valued it at $140,000.

## II.

We decided in *Smith v. Smith*, 709 S.W.2d 588 (Tenn. App. 1985) that the good will of a small law firm was not part of the marital property. It cannot be sold separately from the business, and it is extremely hard to evaluate.

The husband in this case insists that the same rule applies to his business and that the trial judge's finding of the value of the business for division as martial property included a large portion of the firm's good will. We agree that the rule in *Smith v. Smith* applies here. But we cannot agree that the value found by the trial judge included the firm's good will. The record shows that the husband had an ongoing business which he managed with the help of three or four other employees while teaching full time at Nashville Tech. In 1995 he purchased another firm's client list and other tangible assets for approximately $100,000. The personal property and accounts receivable amounted to approximately $105,000 at the time of the divorce. There is evidence in the record that a firm such as this one would sell for approximately the amount of its gross receipts for one year. In this case the firm was averaging around $250,000 in gross receipts each year.

With proof showing tangible assets of $105,000 and a market value including its good will of $250,000, the trial judge chose to value the firm at $140,000. We think the finding is supported by the record and that it does not include good will.

The judgment of the trial court is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE