528 So.2d 550 (1988)
Susan J. BROTMAN, Appellant,
v.
Ronald J. BROTMAN, Appellee.
No. 87-0897.
District Court of Appeal of Florida, Fourth District.
July 27, 1988.
*551 Mindy Felinton of Baskin, Flaherty, Elliott, Mannino & Schwartz, P.A., Boca Raton, for appellant.
Max Rudmann of Martin Zevin, P.A., Boca Raton, for appellee.
HERSEY, Chief Judge.
We affirm the final judgment dissolving the marriage of the parties except as explained by the following discussion of one particular aspect of the scheme of equitable distribution.
After the parties were separated but before dissolution, appellee received severance pay and "earned vacation" pay upon termination of his employment. The trial court erred in holding that the sums so received were not marital assets. "Equitable distribution is a court evolved concept in Florida. It is used to achieve a fair division of marital assets, which are those assets acquired by the parties during their marriage from their work efforts, services, and earnings." Gardner v. Gardner, 452 So.2d 981, 983 (Fla. 5th DCA 1984). Appellee's severance pay and "earned vacation" pay were assets acquired during the marriage and therefore should have been considered when distributing the property to achieve equitable distribution.
Relying on Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979), appellant argues that the trial court erred in not taking into account appellee's earning capacity when determining the amount of child support payments. Unable to find a position in sales with potential income equivalent to the amount he was earning at the time his employment was terminated, appellee decided to go into business for himself. At the time of the hearing he had no income, but he did have reasonable potential. It seems clear from the record that appellee did try to find gainful employment. This is not a case like Desilets where the husband had the ability to earn more if he so desired so that the court was permitted to "impute an income to the husband according to what he could earn by the use of his best efforts to gain employment equal to his capabilities, and on that basis enter an award of alimony as if the husband were in fact earning the income so imputed." Id. at 764. Here, appellee predicts that he will earn in his first year $25,000, which is the same amount that he would have received had he taken an entry level position in the banking field which is all that was offered to him.
*552 When reviewing discretionary acts of trial courts on appeal, the inquiry is whether reasonable men could differ as to the propriety of the action taken by the trial court. If so, that action should not be overturned as an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). There was no abuse of discretion here.
Finally, appellant asserts that the trial court's award of $300 per month per child was error in that it is not representative of one-half of the financial requirements of the minor children. There is no authority, however, for the proposition that child support should be evenly divided in all cases. On the contrary, in Peak v. Peak, 411 So.2d 325, 327 (Fla. 5th DCA 1982), the court noted:
The trial court may order either or both parties to a dissolution proceeding to pay child support in an amount which is equitable in light of the circumstances of each party and the nature of the case. § 61.13(1), Fla. Stat. (1979). The most dominant and directly related factor to be considered in determining the amount of child support to be paid by the non-custodial parent is the income of that parent. Thompson v. Thompson, 402 So.2d 1220 (Fla. 5th DCA 1981). Determination of the amount of child support rests primarily in the discretion of the trial judge considering factors such as needs of the children, their age, their station in life, and prior standard of living of the parents, relative to the financial status and ability of the non-custodial parent to meet such needs. Bordman v. Bordman, 231 So.2d 543 (Fla. 3d DCA 1970). The ability of the custodial spouse to provide for the needs of the children should also be taken into account. Burnett v. Burnett, 197 So.2d 854 (Fla. 1st DCA 1967).
In the instant case the current set of circumstances is that appellant has the superior ability to provide for the needs of the children. The trial court fashioned an award which was equitable in that it allotted some responsibility to appellee while allowing him to make a go of his new business. There was no abuse of discretion.
Accordingly, we affirm except for the failure to consider severance pay and "earned vacation" pay as marital assets which is to be corrected upon remand.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GLICKSTEIN, J., concurs.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
While I do not disagree that the severance pay may have been a marital asset, I do not believe reversal is in order. In my view the result is correct, even if right for the wrong reason. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972).
In paragraph 3 of the Final Judgment, the trial judge found the following:
3. The Petitioner/Wife is an attorney with a gross income of approximately $60,000 per year. The Respondent/Husband formerly was employed by AmeriFirst Federal as a Vice-President where he earned approximately $45,000 per year. His employment with AmeriFirst was terminated October 1, 1986, and he received severance pay of approximately $37,000 plus approximately $8,000 in vacation pay. Since that time, he has remained unemployed, although his present plans are to go into business for himself operating an embroidery business.
The wife is comparatively rich and successful, while the husband has been fired and is unemployed. Of this severance pay received, he was immediately required to pay child support, insurance, property taxes and credit line payments, totalling $12,700.00. In addition, he is also presumably liable for income taxes on the amounts received from his former employer. The majority opinion now directs a marital distribution. However, I do not believe, under the circumstances, that the trial judge *553 abused his discretion in failing to make one.