COWART, Judge.
The trial court in the original final judgment made an equitable distribution and awarded the wife temporary rehabilitative alimony. This court reversed and remanded on the grounds that the wife should have been awarded permanent periodic alimony. Womble v. Womble, 521 So.2d 149 (Fla. 5th DCA 1988), rev. denied, 528 So.2d 1184 (Fla.1988). On remand, the trial court followed this court’s directive but opined that he had considered the temporary alimony in making an equitable distribution but was not authorized by this court’s mandate to revisit the entire award.
In the original opinion we should have recognized that equitable distribution and support can be and normally are interrelated and therefore are normally integral parts of an overall scheme[1] and we should have authorized the trial court, if he saw fit, to revisit the distribution of marital assets and set the permanent periodic alimony in an amount consistent with that scheme.
In order to correct this oversight, we reverse and remand with express permission for the trial court to revisit the entire award and determine if the equitable distribution should be changed in any particular in view of this court’s prior direction of an award of permanent periodic alimony.
REVERSE and REMAND.
ORFINGER and GOSHORN, JJ., concur.

. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980) and Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981).