546 So.2d 99 (1989)
William De Forest THOMPSON, Appellant,
v.
Tobitha THOMPSON, Appellee.
No. 87-1356.
District Court of Appeal of Florida, Fourth District.
July 7, 1989.
Edna L. Caruso of Edna L. Caruso, P.A., and Searcy & Denney, P.A., West Palm Beach, for appellant.
Jane Kreusler-Walsh of Klein, Beranek & Walsh, P.A., and Ronald Sales of Ronald Sales, P.A., West Palm Beach, for appellee.
PER CURIAM.
The former husband appeals from property distribution, permanent alimony and award of attorney's fees provisions of the trial court's final judgment of dissolution. We affirm.
The guiding principles for this opinion, as for many marriage dissolution cases, are found in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985), and their progeny. These principles may be expressed as follows:
(1) Distribution of existing marital assets, and award of permanent periodic alimony, lump sum alimony, child support, special equity and exclusive use of jointly owned property as remedies in dissolution orders are parts of an overall scheme that should be reviewed not piecemeal but as a whole, applying the abuse of discretion standard. If a reasonable person could have concluded as did the trial court, there has been no abuse of discretion.
(2) Generally, marital assets should be distributed equally, unless a disparity is shown in the respective parties' contributions, or another relevant factor justifies a variation.
*100 (3) In awarding lump sum alimony, the court should consider all relevant circumstances in order to assure equity and justice between the parties. It should be awarded only in special circumstances, such as where, for example, the receiving spouse assisted the paying spouse in accumulating property; and where the paying spouse's financial condition makes it possible without jeopardy to that party's business, profession or employment. This principle, expressed in Canakaris, is lifted directly from and attributed to the opinion in Yandell v. Yandell, 39 So.2d 554 (Fla. 1949).
In the instant case, the former wife acted during four early years of this twenty-three year marriage simultaneously as mother, housekeeper, and substantial economic provider, while the husband completed his collegiate and legal education. Thereafter she bent her energies primarily to a career as wife and mother, managing the household and rearing the parties' children. Upon becoming a member of the bar, the husband, after a more or less average start insofar as level of professional earnings is concerned, has, in the last several years, developed an impressively lucrative plaintiff's practice in personal injury and medical malpractice cases.
Applying the guiding principles cited above, we conclude that a reasonable person could have created the economic scheme employed by the trial court in this case. It is not lopsidedly in favor of the former wife, as the former husband urges. The record fails to support the former husband's supposition that the trial court wished to punish him for adultery. The level of periodic alimony awarded is in line with the husband's voluntary payments during the parties' separation preceding the dissolution, the former wife's needs and the former husband's financial ability. The lump sum alimony, payable over a period of years, may be perceived as recognition, in some measure, of the former wife's extraordinary part in making the husband's successful professional career possible. The award of attorney's fees and costs to the former wife appears justified.
There is no compelling reason to conclude that the trial court factored in the value of the husband's professional association's good will in making the property distribution. Nevertheless, inasmuch as this is an issue herein, we certify the following question as being one of great public importance:
IN MARRIAGE DISSOLUTION PROCEEDINGS TO WHICH AN OWNER OF A PROFESSIONAL ASSOCIATION IS A PARTY, MAY THE VALUE OF THE PROFESSIONAL ASSOCIATION'S GOOD WILL BE FACTORED IN IN DETERMINING THE PROFESSIONAL ASSOCIATION'S VALUE?
Attention of bench and bar is called to Miller, Professional Goodwill, The Phantom Asset?, 14 The Family Law Commentator (1989). The article discusses the above issue in light of the Florida Supreme Court's declination of jurisdiction to review Moebus v. Moebus, 529 So.2d 1163 (Fla.3d DCA 1988), rev. denied, 539 So.2d 475 (Fla. 1989), which opinion answers this question in the negative.
DOWNEY and GLICKSTEIN, JJ., and SNYDER, ARTHUR I., Associate Judge, concur.