564 So.2d 1103 (1990)
Severn Richard OMBRES, Jr., Appellant,
v.
Pamela Vines OMBRES, Appellee.
No. 87-0810.
District Court of Appeal of Florida, Fourth District.
March 21, 1990.
Rehearing and Certification Denied August 30, 1990.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Ronald Sales of Law Offices of Ronald Sales P.A., West Palm Beach, for appellee.
GARRETT, Judge.
The husband and wife, both ophthalmologists, stopped seeing eye to eye in their fourteen year marriage and got a divorce. The husband seeks review of the final judgment *1104 which ordered him to pay child support and lump sum alimony, and the trial court's inclusion of goodwill in its valuation of the couple's professional association.
We agree that it is improper to include goodwill in the valuation of a medical practice. Moebus v. Moebus, 529 So.2d 1163, 1164 (Fla. 3d DCA 1988), rev. denied, 539 So.2d 475 (Fla. 1989)[1]. We believe that the trial court's valuation of "patient records" also included some goodwill for future appointments. Only the value of a patient's continued treatment for a current eye problem should be considered when valuing the records.
The husband was ordered to pay $4,736 each month as child support. The wife contributes about $500 a month to reach what she said is the amount needed to raise their two children. Although we recognize that child support guidelines do not "apply to parents with a combined net income in excess of $50,000 per year," we likewise recognize "such persons shall be subject to child support orders based upon individual case by case review." § 61.30(1), Fla. Stat. (1987). We believe that the share of the child support from parents with combined net incomes in excess of $50,000 should also be determined in part by comparing each parent's net income to their combined net incomes. The trial judge did not take the wife's near six figure yearly income into consideration when he ordered the husband to pay over ninety percent of the child support although the wife earned about thirty-five per cent of their combined net incomes. As noted by Chief Judge Hersey in Brotman v. Brotman, 528 So.2d 550, 552 (Fla. 4th DCA 1988):
The most dominant and directly related factor to be considered in determining the amount of child support to be paid by the noncustodial parent is the income of that parent. Determination of the amount of child support rests primarily in the discretion of the trial judge considering factors such as needs of the children, their age, their station in life, and prior standard of living of the parents, relative to the financial status and ability of the non-custodial parent to meet such needs. The ability of the custodial spouse to provide for the needs of the children should also be taken into account.

(Citations omitted) (emphasis added).
We reverse and remand. The trial judge consistent with this opinion should revisit his plan for the equitable distribution of the parties' marital assets and each parent's share of child support.
REVERSED AND REMANDED.
HERSEY, C.J., and WARNER, J., concur.
NOTES
[1] In Thompson v. Thompson, 546 So.2d 99 (Fla. 4th DCA 1989), this court certified the following question (the supreme court accepted jurisdiction and scheduled oral argument for March 8, 1990):

In marriage dissolution proceedings to which an owner of a professional association is a party may the value of the professional association's good will be factored in determining the professional association's value?
Unlike Doctors Ombres, only Mr. Thompson (an attorney) was a member of the professional association.