564 So.2d 141 (1990)
Susan Elizabeth HINSHELWOOD, Appellant,
v.
Ian Bruce HINSHELWOOD, Appellee.
No. 89-980.
District Court of Appeal of Florida, Fifth District.
June 7, 1990.
Rehearing Denied July 23, 1990.
David A. Sims, Altamonte Springs, for appellant.
Michael Sigman, Orlando, for appellee.
PER CURIAM.
Susan Hinshelwood, the former wife, appeals a judgment requiring her to pay $300 per month child support for her two daughters whose custody was placed with the father. Although the child support guidelines are inapplicable since the parties' net income is approximately $52,000, the trial court appears to have based the child support award on the statutory formula. Although the mother, based on her obligation to the child, should provide some child support, because of the disparity in income between the parties and the fact that the mother has the children with her a substantial portion of the time, the amount awarded in this case is an abuse of discretion.
REVERSED and REMANDED for reconsideration of the child support amount.
COBB and HARRIS, JJ., concur.
W. SHARP, J., concurs specially with opinion.
W. SHARP, Judge, concurring specially.
Although the child support guidelines do not apply to parents whose combined net incomes exceed $50,000 per year[1] and in this case the Hinshelwoods' incomes exceed that sum, the guidelines should still be applicable as a point of reference, and as providing equitable consideration for adjusting sums awarded. For parents whose net income is $60,000 per year, for example, it is neither fair nor equitable to determine total child support less than $817 per month, the amount set in the guidelines for parents who earn up to $50,000 per year (the maximum guidelines bracket).
Apparently the trial judge considered he had to award a substantial amount of child support from Susan to Bruce, based on the guidelines. He awarded Bruce $300 per month which is close to the $312 per month figure Susan's proportionate share would work out to be, if the guidelines formula were applied. However, the error or breach of discretion in this case stems from the trial judge's failure to consider the equitable factors set forth in the guidelines, and Bruce's failure to present evidence which would overcome those considerations and establish special needs of the parties' two minor children.
Section 61.13(5) provides that the court may make specific orders for the care, custody and support of the child "as from the circumstances of the party and nature of *142 the case is equitable." In this case, Susan established that her gross yearly income is $15,048 (or $1,245.04 per month) and her monthly net income is $1,032. Based on her financial affidavit, which was not controverted, her expenses exceed her income by a considerable sum ($2,100 per month) and she has a $10,000 negative net worth. In contrast, Bruce makes $62,700 per year, and his monthly net income is approximately $3,380.44.[2] He has remarried and his second wife earns a gross salary of $35,000 per year. With both incomes available to Bruce's household (over $8,100 gross dollars per month), they are in considerably better financial shape than Susan.
Further, sections 61.30(10)(c), (d), (g), (h), and (i) provide that the court may adjust child support awards based on the following considerations: (1) the payment of child and spousal support, or support payments to a parent which have been regularly paid and for which there is a demonstrated need; (2) seasonal variations in the parties' income or expenses; (3) where the child spends a great deal of time with the nonresidential parent (which reduces the financial expenditures incurred by the primary residential parent) or other related considerations; (4) the total assets of either parent or the child; and (5) "[a]ny other adjustment which is needed to achieve an equitable result. This latter consideration may include, but is not limited to, a reasonable and necessary existing expense or debt.
In this case both parties, as well as the children, testified that the children spend fifty percent of their time with Susan and fifty percent with Bruce. Susan established that she spent considerable sums on the children through providing meals, shelter, clothing and after-school activities. Based on a fifty percent sharing arrangement, she is already furnishing prima facie fifty percent of the children's support  more than the $300 mandated by the court order.
Further, Bruce's proofs and evidence at trial failed to show how he was providing more than a fifty percent share of the children's expenses. Nor did he attempt to establish special expenses allocatable to the two children, or his post-dissolution household. Bruce's financial affidavit sets forth the total expenses for his household, which includes a new wife, a teenage stepson, a new baby, and the two daughters involved in this proceeding. No effort was made at trial or in the financial affidavit to allocate expenses fairly attributable to Susan and Bruce's children. His financial affidavit also excluded any sums contributed by his second wife's income. Surely some of her income should be fairly allocable for her support and the support of her own children.[3]
NOTES
[1] § 61.30(1)(b)2, Fla. Stat. (1989).
[2] Although Bruce's affidavit shows a net monthly figure of $3,120.41, and a monthly gross of $5,046.76, there is an error, as this would give Bruce a gross annual salary of only $60,561.12. Apparently Bruce, who gets paid bi-weekly, forgot to adjust his income for the extra paycheck.
[3] See Hammond v. Hammond, 492 So.2d 837, 839 (Fla. 5th DCA 1986); Kaufman v. Kaufman, 491 So.2d 584, 585 (Fla. 3d DCA 1986); Martin v. Martin, 480 So.2d 683, 684 (Fla. 5th DCA 1985); rev. denied, 491 So.2d 279 (Fla. 1986); Messal v. Messal, 424 So.2d 932 (Fla. 1st DCA 1983).