FRANK, Judge.
The former husband has presented three issues for our review. We find no merit in his contentions arising from allegedly coercive threats inducing his concurrence in the property settlement. We find no error in the trial court’s imputation to him of $27,-500 in annual income.
The third and final issue involving child support has caused us concern. The former husband has asserted in his brief that he was ordered to pay $384.00 per month. The record discloses that pursuant to the child support guidelines worksheet he was ordered to pay $420.44. Although the guidelines may be used as a starting point in determining child support, they do not apply in a situation such as this where the parties’ combined annual income exceeds $50,000. Hinshelwood v. Hinshelwood, 564 So.2d 141 (Fla. 5th DCA 1990) (Sharp, J., concurring specially); § 61.30(1)(b)2, Fla.Stat. (1987). The record does not disclose how the trial court calculated the amount of child support nor can we determine how the former husband arrived at the $384.00 figure he disputes. Nonetheless, based upon the confusing and limited record before us, the child support obligation appears to unduly burden the former husband.
We, therefore, remand the child support determination for reconsideration. Upon remand the court should consider factors such as the age of the child, her needs and the ability of the former husband to meet those needs. Bordman v. Bordman, 231 So.2d 543 (Fla. 3d DCA 1970). This matter is, therefore, affirmed in part but remand *398 ed for reconsideration of the child support provisions.
SCHEB, A.C.J., and CAMPBELL, J., concur.