576 So.2d 267 (1991)
William deForest THOMPSON, Petitioner,
v.
Tobitha THOMPSON, Respondent.
No. 74419.
Supreme Court of Florida.
January 10, 1991.
Rehearing Denied March 26, 1991.
*268 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Joel L. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, for petitioner.
Jane Kreusler-Walsh of Klein & Walsh, P.A., Law Offices of Ronald Sales, P.A., West Palm Beach, and Deborah Marks of the Law Offices of Greene & Marks, P.A., Miami, for respondent.
A. Matthew Miller of Miller, Schwartz & Miller, P.A., Hollywood, amicus curiae for American Academy of Matrimonial Lawyers, Florida Chapter.
Deborah Marks of Greene & Marks, P.A., Miami, amicus curiae for The Family Law Section of The Florida Bar.
McDONALD, Justice.
We review Thompson v. Thompson, 546 So.2d 99, 100 (Fla. 4th DCA 1989), in which the district court certified the following question as one of great public importance:
In marriage dissolution proceedings to which an owner of a professional association is a party, may the value of the professional association's goodwill be factored in in determining the professional association's value?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question with a qualified affirmative.
After twenty-three years of marriage, the Thompsons received a divorce in April 1987. The wife supported the husband while he finished college and attended law school and, subsequently, maintained their home and raised their children. The husband is currently a plaintiff's attorney specializing in personal injury and medical malpractice and is the sole shareholder of a professional association. The trial court awarded the wife permanent periodic alimony, lump sum alimony to be paid over ten years, child support, and other real and personal property. The district court, concluding "that a reasonable person could have created the economic scheme employed by the trial court in this case" and that the trial court correctly applied the principles of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), affirmed the entire award. 546 So.2d at 100.
On appeal the husband argued that the trial court improperly included professional goodwill in the distribution. The district court stated: "There is no compelling reason to conclude that the trial court factored in the value of the husband's professional association's goodwill in making the property distribution." Id. Because the issue had been raised, however, the court certified the above-stated question regarding professional goodwill.
Marital property should be divided in an equitable manner. See Canakaris. Typically, a nonprofessional spouse's efforts increase the professional spouse's earning capacity. Equity justifies higher alimony in such circumstances. If marriage is viewed as an economic partnership, and assets are created or obtained during the marriage, it is only equitable to distribute them fairly. The results of paid efforts in the workplace and unpaid efforts at home should be pooled because both economic and noneconomic contributions to a marriage have value. In theory, therefore, if it exists and if it was developed during the marriage, professional goodwill is a marital asset which should be included in the marital estate upon dissolution.
This Court has defined goodwill as the advantage or benefit a business has beyond the value of its property and capital. Swann v. Mitchell, 435 So.2d 797 (Fla. 1983). In discussing goodwill in Swann we noted that it has been held that although a law firm could not be sued for ethical reasons, its goodwill is "subject to evaluation as a valuable asset of the firm for other purposes."[1]Id. at 800. Moreover, we recognized that "goodwill of a professional *269 practice has been held to be community property subject to division in a marriage dissolution proceeding." Id. Thus, the instant certified question squarely presents an issue which we have addressed only in dicta.
Numerous other jurisdictions, however, have already considered this question. Several have held that professional goodwill is not a marital asset to be considered in dissolution proceedings. E.g., Powell v. Powell, 231 Kan. 456, 648 P.2d 218 (1982); Nail v. Nail, 486 S.W.2d 761 (Tex. 1972);[2]Holbrook v. Holbrook, 103 Wis.2d 327, 309 N.W.2d 343 (Ct.App. 1981). Holbrook dealt with the divorce of a partner in a law firm, and the Holbrook court, analogizing the practice of law to the holding of a professional degree, commented: "There is a disturbing inequity in compelling a professional practitioner to pay a spouse a share of intangible assets at a judicially determined value that could not be realized by a sale or another method of liquidating value." 103 Wis.2d at 351, 309 N.W.2d at 355 (footnote omitted). A Tennessee appellate court echoed this sentiment in Smith v. Smith, 709 S.W.2d 588 (Tenn. Ct. App. 1985), in holding that, although the husband's law practice was marital property, his firm's goodwill was not part of the marital estate.
On the other hand, the courts of at least twenty states have held that professional goodwill is a marital asset that, if it exists in a particular case, should be distributed upon dissolution. E.g., Prahinski v. Prahinski, 75 Md. App. 113, 540 A.2d 833, cert. granted, 313 Md. 572, 546 A.2d 490 (1988); Hanson v. Hanson, 738 S.W.2d 429 (Mo. 1987); Taylor v. Taylor, 222 Neb. 721, 386 N.W.2d 851 (1986); Dugan v. Dugan, 92 N.J. 423, 457 A.2d 1 (1983); Sorensen v. Sorensen, 769 P.2d 820 (Utah Ct.App.), cert. granted, 779 P.2d 688 (Utah 1989); In re Hall, 103 Wash.2d 236, 692 P.2d 175 (1984); and cases cited therein. These cases deal with all types of professions, but the practice of law is specifically considered in several of them. E.g., Prahinski; Dugan; Stern v. Stern, 66 N.J. 340, 331 A.2d 257 (1975); Hertz v. Hertz, 99 N.M. 320, 657 P.2d 1169 (1983); In re Reiling, 66 Or. App. 284, 673 P.2d 1360 (1983), review denied, 296 Or. 536, 678 P.2d 738 (1984).
The cases that hold professional goodwill to be a marital asset are noteworthy for their diversity. There is no specific consensus as to a definition of professional goodwill, whether a sole practitioner of any profession can have goodwill, or what method or methods should be used to value professional goodwill.
Despite this, we agree with the observation of the Supreme Court of Missouri when it stated:
Irrespective of the setting in which it is found, the meaning of goodwill does not change. It is property which attaches to and is dependant upon an existing business entity; the reputation and skill of an individual entrepreneur  be he a professional or a traditional businessman  is not a component of the intangible asset we identify generally as goodwill.
Hanson v. Hanson, 738 S.W.2d 429, 434 (Mo. 1987). That court then defined goodwill within a professional setting to mean the value of the practice which exceeds its tangible assets and which is the tendency of clients/patients to return to and recommend the practice irrespective of the reputation of the individual practitioner. Goodwill is property of an intangible nature commonly defined as the expectation of continued public patronage. In re Marriage of Lukens, 16 Wash. App. 481, 483, 558 P.2d 279, 280 (1976).
For those courts and commentators that articulate that the consideration of goodwill in dividing marital assets is appropriate, a common denominator to be equitable appears. If professional goodwill exists and if it was developed during a marriage, it is marital property. Denying a spouse's interest in marital property *270 would be both unfair and unjust. As stated in Prahinski: "After a divorce, a lawyer's law practice will continue to benefit from whatever goodwill it may have had during the marriage. If, in fact, goodwill exists, it would be inequitable to ignore the contribution of the attorney's spouse to the development of that goodwill during the marriage." 75 Md. App. at 130, 540 A.2d at 841. Accord In re Foster, 42 Cal. App.3d 577, 117 Cal. Rptr. 49 (1974); In re Nichols, 43 Colo. App. 383, 606 P.2d 1314 (1979); Zipp, Divorce Valuation of Business Interests: A Capitalization of Earnings Approach, 23 Fam.L.Q. 89 (1989); Goldfarb, Marital Partnership and the Case for Permanent Alimony, 27 J.Fam.L. 351 (1988-89).
It should be emphasized that such goodwill, to be a marital asset, must exist separate and apart from the reputation or continued presence of the marital litigant.
[I]f goodwill depends on the continued presence of a particular individual, such goodwill, by definition, is not a marketable asset distinct from the individual. Any value which attaches to the entity solely as a result of personal goodwill represents nothing more than probable future earning capacity, which, although relevant in determining alimony, is not a proper consideration in dividing marital property in a dissolution proceeding.
Taylor, 222 Neb. at 731, 386 N.W.2d at 858. Therefore, "for professional goodwill to be marital property it must be a business asset having a value independent of the continued presence or reputation of any particular individual." Prahinski, 75 Md. App. at 134, 540 A.2d at 843. Accord Wilson v. Wilson, 294 Ark. 194, 741 S.W.2d 640 (1987); Antolik v. Harvey, 761 P.2d 305 (Haw.Ct.App. 1988); Taylor.
Generally, clients come to an individual professional to receive services from that specific person. Even so, if a party can produce evidence demonstrating goodwill as an asset separate and distinct from the other party's reputation, it should be considered in distributing marital property. Several other courts have reached the same conclusion.
We therefore answer the certified question with a qualified affirmative: If a law practice has monetary value over and above its tangible assets and cases in progress which is separate and distinct from the presence and reputation of the individual attorney, then a court should consider the goodwill accumulated during the marriage as a marital asset.[3] The determination of the existence and value of goodwill is a question of fact and should be made on a case-by-case basis with the assistance of expert testimony.
Numerous methods for valuing goodwill have been advanced in cases and the literature on this subject. E.g., In re Hall, 103 Wash.2d 236, 692 P.2d 175 (1984) (recognizes five methods of valuation). The clearest method would be the fair market value approach, which is best described as what would a willing buyer pay, and what would a willing seller accept, neither acting under duress for a sale of the business. The excess over assets would represent goodwill. We prefer this method and direct that it be the exclusive method of measuring the goodwill of a professional association. Actual comparable sales are not required, so long as a reliable and reasonable basis exists for an expert to form an opinion. See Hanson.
The district court affirmed the trial judge's final judgement in this cause, finding that a reasonable person could have created the economic scheme employed by the trial court. It further related that there is no compelling reason to conclude that the trial judge factored in goodwill in arriving at his conclusion. The problem is we cannot tell whether the trial judge utilized goodwill in arriving at his judgment. On remand, the trial judge should clarify whether he did or did not. If the trial court considered goodwill, he should reconsider *271 the same and determine whether it meets the test herein. Should he choose to do so he may allow additional testimony on this issue.
We answer the certified question in the affirmative with the qualifications set forth herein and remand for proceedings consistent herewith.
It is so ordered.
SHAW, C.J., OVERTON, BARKETT, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
NOTES
[1] We find no direct prohibition against an attorney's selling his law practice in the present Rules Regulating The Florida Bar, but we do not rule on that issue in this opinion. For the purpose of dividing goodwill it must be assumed that such a sale is permissible.
[2] Nail v. Nail, 486 S.W.2d 761 (Tex. 1972), dealt with a sole practitioner doctor. Texas receded from this position somewhat in Geesbreght v. Geesbreght, 570 S.W.2d 427 (Tex. Ct. App. 1978), which held that a doctor's goodwill in an association of professionals could be treated as a marital asset.
[3] In reaching this decision we disapprove Moebus v. Moebus, 529 So.2d 1163 (Fla. 3d DCA 1988), review denied, 539 So.2d 475 (Fla. 1989), and Harper v. Harper, 546 So.2d 438 (Fla. 2d DCA), review denied, 553 So.2d 1165 (Fla. 1989), insofar as they hold that goodwill can never be considered in the valuation of a professional practice.