573 So.2d 1018 (1991)
Yola HARRISON, Appellant,
v.
James Roger HARRISON, Appellee.
No. 90-2001.
District Court of Appeal of Florida, First District.
January 31, 1991.
Terrance A. Jones, Orange Park, for appellant.
David B. Lee, Jr., of Lee, Hallowes & Green, Chtd., Orange Park, for appellee.
MINER, Judge.
In this appeal from a final judgment of dissolution of marriage, the wife contends that the trial court abused its discretion by calculating child support within the guidelines when the parties' combined net monthly income exceeded the maximum presumptive statutory range. She also asserts the court's valuation of the husband's dental practice is not supported by competent, substantial evidence in the record. We agree and reverse.
This is a six year marriage during which a dental practice was purchased and the wife obtained her masters in psychology but provided bookkeeping services for the husband's practice. Together, the parties earned approximately $1300/week from the husband's dental practice. Following separation, the wife earned $300/week working part-time in psychotherapy and that the *1019 husband earned $889/week. The record indicates that a full-time unlicensed psychotherapist earns approximately $45/hour, but that the wife preferred to work part-time so that her ten-year old son did not become a "latchkey" child.
The wife sought five years rehabilitative alimony, custody of the two minor children, child support, and an interest in the husband's dental practice. Excluding goodwill and using the most conservative factor, the wife's expert estimated the husband's practice is worth at least $112,000. The husband testified that he thought the practice was worth about $100,000; however, exhibits establish that his loan application indicated he thought it was worth $120,000.
The trial judge found the dental practice was worth $45,000, then subtracted an outstanding $8,000 loan and divided the remainder between the parties, but provided the husband with an $18,000 offset for the wife's unilateral withdrawal of funds from their joint account upon separation. The judge awarded the wife custody of the children and ordered the husband to pay $560 per month, per child.[1] He denied the request for alimony, and indicated that the wife could work full-time.
The wife argues that the trial judge inappropriately attempted to determine child support using the child support guidelines, even though the parties' combined monthly net income exceeded $50,000 per year.[2] She also contends that the judge incorrectly understated the husband's net income by permitting a monthly deduction of $200 for disability and practice overhead insurance, and that no competent, substantial evidence supports his valuation of the dental practice at $45,000.
Section 61.30(1)(b)2, Florida Statutes (1989) provides:
(b) The guidelines shall not:
2. Apply to parents with a combined net income in excess of $50,000 per year. Such persons shall be subject to child support orders based upon individual case by case review.
(Emphasis added). See also Brandt v. Brandt, 565 So.2d 397 (Fla. 2d DCA 1990); Hinshelwood v. Hinshelwood, 564 So.2d 141 (Fla. 5th DCA 1990); Ombres v. Ombres, 564 So.2d 1103 (Fla. 4th DCA 1990). In Ombres, the court construed the guidelines to mean that each parent's share of child support when the combined net incomes exceed $50,000 should also be determined in part by comparing each parent's net income to the combined net income. 564 So.2d at 1104. As Chief Judge Hersey stated in Brotman v. Brotman, 528 So.2d 550, 552 (Fla. 4th DCA 1988):
The most dominant and directly related factor to be considered in determining the amount of child support to be paid by the noncustodial parent is the income of that parent. Determination of the amount of child support rests within the sound discretion of the trial judge considering factors such as needs of the children, their age, their station in life, and prior standard of living of the parents, relative to the financial status and ability of the non-custodial parent to meet such needs. The ability of the custodial spouse to provide for the needs of the children should also be taken into account.

Id. (Citations omitted, emphasis supplied). Judge Sharp, specially concurring in Hinshelwood, opined that in such circumstances, "... it is neither fair nor equitable to determine child support less than $817 per month [single child], the amount set in the guidelines for parents who earn up to $50,000 per year (the maximum [presumptive] guidelines bracket)." 564 So.2d at 141. (Emphasis supplied).
The record indicates that the trial judge awarded child support using the guidelines without considering the factors outlined in *1020 section 61.30(1)(b)2, Florida Statutes (1989): the needs of the children, their ages and station in life, the parties' prior standard of living relative to financial status, and each spouse's ability to meet the children's needs.
"Before the court may impose financial obligations upon a spouse, it must determine that he or she has the ability to pay the obligations imposed." Scapin v. Scapin, 547 So.2d 1012, 1013 (Fla. 1st DCA 1989). In fashioning an award of child support, the court should first reconsider both parties' income. Section 61.30(2)(b) requires the court to impute income to a voluntarily underemployed parent, absent circumstances beyond the parent's control, and to determine the probable earnings level "... based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community; however, the court may refuse to impute income to a primary residential parent if the court finds it necessary for the parent to stay home with the child." Although the record indicates that the judge questioned the wife's need to stay home and work only part-time, he made no specific finding as required by statute.
Section 61.30(3), Florida Statutes (1989) limits allowable deductions from gross income to:
(a) Federal, state, and local income tax deductions, adjusted for actual filing status and allowable dependents and income tax liabilities.
(b) Federal insurance contributions or self-employment tax.
(c) Mandatory union dues.
(d) Mandatory retirement payments.
(e) Health insurance payments.
(f) Court-ordered support for other children which is actually paid.
The husband's income deduction of $200 per month is not included in this list.
We reverse the child support award and remand the case to the trial court for the appropriate factual findings. On remand, the court shall make the necessary adjustments to each party's income. The court should then consider each party's net income in proportion to the combined net income, Ombres, and should use the maximum presumptive guidelines amount as a "floor" to the child support award for both children for six months and for one child thereafter. Hinshelwood.
As to the valuation of the dental practice, in Thompson v. Thompson, 16 F.L.W. S73, S75 (Fla. Jan. 10, 1991), the supreme court has very recently held:
If a law practice [or medical practice] has monetary value over and above its tangible assets and cases in progress which is separate and distinct from the presence and reputation of the individual attorney [or doctor], then a court should consider the goodwill accumulated during the marriage as a marital asset. [Footnote omitted]. The determination of the existence and value of goodwill is a question of fact and should be made on a case-by-case basis with the assistance of expert testimony.

(Emphasis added). No competent, substantial evidence supports the trial court's finding that the husband's dental practice is worth $45,000. Because the trial court did not have the benefit of the supreme court's decision in Thompson, on remand the court may reconsider expert testimony of "tangible assets and cases in progress which are separate and distinct from" the husband's "presence and reputation" in reassessing the valuation of the dental practice.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, WENTWORTH and MINER, JJ., concur.
NOTES
[1] The elder child would receive six payments before she reached majority.
[2] Section 61.30(6), Florida Statutes (1989), sets the minimum child support that parents earning the maximum combined net monthly income of $4200, plus or minus 5%, must contribute. Under this statute, each parent must provide a proportionate share of at least $1265 monthly to the date the elder child reaches majority. Thereafter, they must each provide a proportionate share of at least $817 monthly.