PER CURIAM.
We reverse and remand to the trial court with directions to reconsider the equitable distribution award to the wife, to attach the omitted child visitation schedule to the final judgment, and in light of the trial court’s reconsideration of the equitable distribution of the marital assets, to reconsider the attorney’s fees award to the wife.
The trial court erred in over-evaluating the husband’s professional association, which was considered a marital asset, by failing to subtract the liabilities of the professional association from its assets. As a result of the over-evaluation, the trial court abused its discretion in awarding to the wife a lump sum that was an inequitable amount.
Moreover, at the time of the final hearing, the trial court failed to consider the fact that the wife, approximately two months after the filing of the dissolution action, had received a substantial sum from her employer’s deferred payment plan. We conclude that the trial court abused its discretion in failing to consider that sum in computing the marital assets. Section 61.-075(4), Florida Statutes, provides:
The date for determining marital assets and liabilities and the value of such assets and the amount of such liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage, unless the trial judge determines another date is just and equitable under the circumstances. (emphasis added)
Section 61.075(4) allows the trial judge to change the date of measuring of the parties’ marital assets from the date of filing *175 for dissolution of marriage if the trial judge determines another date is just and equitable under the circumstances. In Brotman v. Brotman, 528 So.2d 550 (Fla. 4th DCA 1988), this court held that the husband’s severance pay and earned vacation pay, which was received upon termination of his employment after the parties were separated but before dissolution, were marital assets and subject to equitable distribution. In our view, the sum the wife received from her employer as an earnings buy out could be considered a form of severance pay. Thus, we conclude the trial court abused its discretion in not changing the valuation date to January of 1989 when the new date was only two months from the filing of the petition for dissolution and the wife received such a large sum of money which would materially change the trial court’s equitable distribution calculation.
In light of the fact that the trial court will be reconsidering the amount to be awarded to the wife as equitable distribution of the marital assets, the trial court may reconsider the award of attorney’s fees to the wife. In all other respects we affirm the trial court.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL and GUNTHER, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with opinion.