578 So.2d 890 (1991)
Merri Melody HUNTLEY, Appellant,
v.
Frank Dewyatt HUNTLEY, Appellee.
No. 90-2501.
District Court of Appeal of Florida, First District.
May 3, 1991.
*891 Russell L. Healey, Jacksonville, for appellant.
Richard W. Cobb, Orange Park, for appellee.
PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage following four hearings in which the evidence was often unintelligible and conflicting. The former wife asserts that the trial judge erred in refusing to award her sufficient lump sum alimony, any rehabilitative or permanent periodic alimony, or attorneys' fees. Finding merit in her arguments, we reverse in part and affirm in part.
A careful consideration of the overall scheme fashioned by the trial judge[1] indicates that he was influenced by his findings that the parties were similar in age, education, and income, and that family resources were not dissipated by the husband's drug addictions. However, some of these findings are not supported by the record.
In determining alimony obligations, the primary criteria are the needs of one spouse and the ability of the other spouse to meet those needs. Wright v. Wright, 577 So.2d 1355 (Fla. 1st DCA 1991); Harrison v. Harrison, 573 So.2d 1018 (Fla. 1st DCA 1991); Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989). Although the parties are of similar age and education, the record does not support the finding that they have similar earning capacities.
The parties were married in 1979, when they were both in their early twenties. *892 They both earned AA degrees and began working for their present employers, the wife earning $22,000 as an airline reservationist and the husband earning $21,500 as head of maintenance for his father's convenience store company. He earned a real estate license in 1981 and began working in the family company's real estate department. He continued working for his father's affiliated companies, but developed several drug addictions, including a cocaine addiction. In 1987, after having been repeatedly hospitalized for his addictions, he was fired from his job with his father's company and found work as a route man for a peanut distributor. The parties were separated in November 1987. In 1989 the husband was rehired by his father, and by September 1989 he was earning $32,000.
By 1986, the wife was capable of earning $32,000, but she was not able to work full-time because of time spent ministering to her husband's addictions. By 1987, she was not working at all, due to her contraction of chronic mononucleosis, and was receiving $22,000 in disability income. The record clearly shows that her ability to earn has been involuntarily limited by her husband's addiction and by her chronic physical illness, both of which caused her to take leaves of absence to care for the minor children, denied her the required rest essential to her recovery, and forced her to forego management opportunities.
In finding that the parties have similar earning capacities, the trial judge apparently imputed to the wife the income she would have received had it not been for her illness and her husband's addictions, both circumstances beyond her control. See § 61.30(2)(b), Fla. Stat. (1987). He also refused to deduct federal income taxes from her gross monthly income, because he found that she had not yet been required to pay the taxes. In this respect he erred as a matter of law, because her disability income is subject to federal taxation. § 61.30(3)(a), Fla. Stat. (1987); 26 U.S.C.A. §§ 105 (1986) and 104 (1990). The wife's actual net monthly income is therefore about $400 less than the judge contemplated.
While income may not be imputed to the wife in this case, it clearly may be imputed to the husband. Income is liberally defined as any payment to an individual, regardless of source. See Section 61.046, Florida Statutes (1987); Zipperer v. Zipperer, 567 So.2d 916 (Fla. 1st DCA 1990). Income may be imputed to a former spouse for purposes of awarding alimony and child support, even if it is difficult to establish its source, and even where the obligation imposed entirely exhausts actual income. Scapin, 547 So.2d at 1013. The trial court may consider earning capacity as well as actual salary, impute an income according to what it determines the spouse could earn by use of his best efforts, and on that basis enter a support award as if the spouse were in fact earning the income so imputed. Id.
This record demonstrates that the husband can earn and actually does earn substantially more than the wife, and that during the marriage he received other income from his father in addition to his salary, so that he has the ability to pay a much greater proportion of the established needs of the minor children and the wife than determined below. The trial judge also erred in finding that marital resources were not dissipated by the husband's drug addictions. It is of no moment that some of the depletions were, in effect, neutralized by gratuitous payments of family expenses made by the husband's father.
Given the special circumstances involved in this case, we find that the wife is entitled to an equitable share of all the marital assets, including those dissipated by the husband's addictions. The lump sum award to the wife of the net proceeds from the sale of the marital home was clearly justified, given the apparently precarious nature of the husband's employment status. Absent such an award, shelter and transportation for the children and the wife would continue to be subject to the husband's drug addictions. We therefore affirm the lump sum award, but suggest that the trial judge, in refashioning his overall dissolution plan, may wish to consider increasing the amount of that award *893 in order to achieve a true equitable distribution of the marital assets.
The trial judge awarded the parties their respective pensions, based upon his assumption that they were of equal value because the parties had been employed for similar periods of time with similar incomes. Nowhere does the record indicate the value of the wife's pension. The judge's assumption is therefore not based upon competent substantial evidence. On remand, he shall reconsider this award, and may take additional evidence for the limited purpose of establishing the amount of the wife's pension.
Because the determination of each party's income must be corrected and because earning capacity is an essential factor to be considered, the trial judge on remand should also revisit the wife's request for permanent periodic alimony.
In determining whether to award rehabilitative or permanent periodic alimony upon dissolution, the trial court is free to consider any factor necessary to do equity and justice between the parties. § 61.08(2), Fla. Stat. (1987). We consider this to be an extraordinary case in which the wife has clearly demonstrated special needs. The standard of living established during the marriage, the husband's superior financial resources, the wife's poor health, and the devastating effects the husband's addictions have had on the marital resources weigh heavily in favor of an award of permanent periodic alimony. See § 61.08(2), Fla. Stat. (1987). We find that the evidence would support an award of at least $750 per month to provide for the wife's needs as established during the marriage.
The record indicates that the parties' combined net annual income likely exceeds $50,000 and that the recommended child support guidelines of section 61.30, Florida Statutes (1987), may not apply, as in Harrison. We therefore direct the trial judge on remand to reconsider the child support award, consistent with Harrison.
Reconsideration of the parties' incomes will also require reconsideration of each party's ability to pay attorney's fees. The judge's finding that neither party has sufficient assets to pay the respective attorneys' fees is not based upon competent substantial evidence. He found that some of the wife's attorneys' fees had been paid from the sale of the marital home. However, this conflicts with the wife's undisputed testimony that she borrowed the money from her father, and with the judge's award to the wife of all the proceeds from the sale of the marital home. On remand, the judge shall reconsider attorneys' fees and determine the parties' financial abilities to pay the fees based only upon their financial resources. See Bromante v. Bromante, 577 So.2d 662 (Fla. 1st DCA 1991).
That portion of the final judgment dissolving the parties' marriage and awarding the proceeds from the sale of the marital home to the wife as lump sum alimony is AFFIRMED. The remaining determinations which depend upon the recalculation of each party's net monthly income are REVERSED. On remand, the trial judge shall redetermine each party's net monthly income, reconsider the property distribution, award the wife permanent periodic alimony, reconsider the child support award in light of the parties' recalculated incomes, and reconsider attorneys' fees.
ERVIN, JOANOS and MINER, JJ., concur.
NOTES
[1] Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980):

The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump-sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.