McDonald, justice.
We review Ombres v. Ombres, 564 So.2d 1103 (Fla. 4th DCA 1990), because of conflict with Thompson v. Thompson, 576 So.2d 267 (Fla.1991).* We have jurisdiction. Art. V, § 3(b)(3), Fla.Const.
In this dissolution case the trial judge, among other things, sought to divide the marital assets equally. In doing so she considered the value of the goodwill of the professional association of the parties, who had practiced together as ophthalmologists. The district court, however, held “that it is improper to include goodwill in the valuation of a medical practice.” 564 So.2d at 1104. This is contrary to our holding in Thompson that it is appropriate to consider the value of the goodwill of a professional association acquired by the parties in determining an equitable distribution of the assets. We agree, however, that the district court properly remanded for recalculation of the equitable distribution. When addressing the value of goodwill the trial judge did not have the benefit of Thompson, and we cannot determine whether the method she used in her computation of goodwill comported with the fair market value approach required by Thompson. We choose not to address the district court’s opinion in relation to child support.
Accordingly, we quash that portion of the district court’s opinion excluding goodwill from the valuation of property, but approve its decision to remand for recalculation.
It is so ordered.
SHAW, C.J. and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.

 In fairness to all parties and all courts, Thompson v. Thompson, 576 So.2d 267 (Fla.1991), had not been released when the appeal in this case was completed.