590 So.2d 1005 (1991)
Matt WEINSTEIN, Appellant,
v.
Francine R. STEELE, Appellee.
No. 91-981.
District Court of Appeal of Florida, Third District.
December 10, 1991.
*1006 Ronald B. Gilbert, Miami, for appellant.
Bruce M. Boiko, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
BASKIN, Judge.
Matt Weinstein appeals an order modifying an award of child support. We vacate the modified award and remand.
Weinstein petitioned the trial court for modification of a final judgment of dissolution of marriage, requesting custody of the parties' three sons and modification of child support. The court awarded Weinstein custody of the three sons. The trial court determined that the parents' income exceeded $50,000 annually, and, therefore, the child support guidelines in section 61.30, Florida Statutes (1989), did not apply. The court decided that the sons' support needs were $490.26 per month, per child, a total of $1,470.80 monthly for the three sons, and ordered the mother to pay $245.14 per month, per child until they reach majority. The oldest son reached majority within two months of the order. At that point the support award fell to $980.52 a month for the two minor sons.
Weinstein appeals the order, arguing that the trial court abused its discretion in awarding child support for the two minor sons below the amount suggested by the presumptive child support guidelines for two children when the parents' income is below $50,000. We agree. "The child support guideline amount as determined by [section 61.30] presumptively establishes the amount the trier of fact shall order as child support... ." § 61.30(1)(a), Fla. Stat. (1989). Although these guidelines do not apply to parents with an annual income in excess of $50,000 per year, § 61.30(1)(b)2, Fla. Stat. (1989),[1] other courts have determined that the guidelines are an appropriate starting point for the calculation of child-support awards.
In Hinshelwood v. Hinshelwood, 564 So.2d 141 (Fla. 5th DCA 1990), Judge Sharp, specially concurring, stated that it was unfair and inequitable to award child support in an amount below that established by the guidelines for parents who earn up to $50,000. That reasoning was adopted by the First District Court of Appeal in Harrison v. Harrison, 573 So.2d 1018 (Fla. 1st DCA 1991), where the court directed the trial court to "use the maximum presumptive guidelines amount as a `floor' to the child support award... ." Harrison, 573 So.2d at 1020. We agree that the guidelines should be utilized as a floor in the consideration of the sums to be awarded for child support in cases where the parents' income exceeds $50,000 annually. Hinshelwood, (Sharp, J., specially concurring).
There may, however, be circumstances, such as the ones presented here, that lead the trial court to impose an award below that guideline sum. In those cases, the trial court will greatly aid appellate review by providing reasons for its award. Absent some basis for a departure from the guidelines, such an award is an abuse of discretion. We therefore vacate the child support award and remand the case for findings.
On remand, the trial court is also directed to enter findings as to why the father's request that the support award be retroactive to the date of his petition should not be granted. See Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA), review denied, 531 So.2d 169 (Fla. 1988); Shufflebarger v. Shufflebarger, 460 So.2d 982 (Fla. 3d DCA 1984).
Vacated and remanded.
NOTES
[1] Section 61.30 has been amended to apply to parents who have a combined net annual income not exceeding $100,800. Ch. 91-246, § 5, Laws of Fla.