SMITH, Judge.
Appellant, the former wife, appeals an order modifying the former husband’s child support obligation, urging that the trial court erred in arriving at the child support award without consideration of the minimum child support need of $817.00 per month established by the statutory guidelines. We reverse and remand.
At the time of dissolution in 1982, the former husband was ordered to pay $300 a month for support of the only child born to the parties’ marriage. The former husband was also ordered to provide health and life insurance. In October 1990, the former wife petitioned for modification of child support, alleging a change in circumstances in that the former husband was earning a substantially greater income as an optometrist and that he was able to contribute more to the support of the child. At that time, the former husband was paying $450 a month in child support, $50-60 of which was for the child’s health insurance. Due to the former husband’s increased earnings as an optometrist, the parties’ combined income exceeded $50,-000.[1] Therefore, the child support guidelines are inapplicable. Section 61.30(l)(b)2, Fla.Stat. (1989). Both parties have remarried, and the former wife has another child from the second marriage.
Following a hearing, the lower court ordered the former husband’s child support obligation to be increased to $500 per month. In so ordering, the trial court stated that the “needs of the child, as established by the testimony of the parties, do not exceed $500 per month and [the former husband] has no obligation to support the Former Wife, her present husband or the child of the present marriage.”
In Harrison v. Harrison, 573 So.2d 1018, 1020 (Fla. 1st DCA 1991), we stated that when the combined income exceeds the *758 $50,000 maximum provided in section 61.30, a trial court should nevertheless “use the maximum presumptive guidelines amount as a ‘floor’ to the child support award....” See also Barrs v. Barrs, 590 So.2d 980 (Fla. 1st DCA 1991), and Weinstein v. Steele, 590 So.2d 1005 (Fla. 3d DCA 1991).
Although we agree that the former wife’s evidence failed to adequately address the child’s needs, we do not find in the record evidence establishing that her needs are less than the minimum guidelines amount for parties earning a combined income of more than $50,000 annually. Accordingly, we reverse and remand this cause with instructions that the lower court is to presume the maximum guidelines amount is the minimum support obligation of the parties, and if support in less than that amount is ordered, to make specific written findings why ordering payment of the guideline amount would be “unjust or inappropriate.” Section 61.30(l)(a), Florida Statutes. On remand, the trial court should also take into consideration and make appropriate findings as to whether the former wife is voluntarily underemployed, as provided in section 61.30(2)(b), in setting the relative support obligations of the parties.
REVERSED and REMANDED.
BOOTH and BARFIELD, JJ., concur.

. The former husband's gross income for the year 1989 was $79,300; the former wife's earnings from part-time work averaged approximately $90 per week.