594 So.2d 807 (1992)
Michelle L. SINCLAIR, Appellant,
v.
Charles H. SINCLAIR, Appellee.
No. 91-1568.
District Court of Appeal of Florida, Third District.
February 11, 1992.
*808 Kwitney, Kroop & Scheinberg, Miami Beach and Evan J. Langbein, Miami, for appellant.
William D. Matthewman, Miami, for appellee.
Before BASKIN, JORGENSON and LEVY, JJ.
BASKIN, Judge.
Michelle L. Sinclair appeals a final judgment of dissolution of marriage. We reverse the final judgment, except for the dissolution of the marriage, and remand for further proceedings.
Charles H. Sinclair instituted proceedings to dissolve the parties' 23 year marriage. The Sinclairs were married while they were in college and have two children, 10 and 17 years of age. During the marriage, Mr. Sinclair attended law school. He became a partner in a law firm and earns a net monthly wage of $8,762.[1] His salary for 1991 was approximately $170,000. During most of the marriage, Mrs. Sinclair remained at home and raised the children. She attended night school during that time and earned a master's degree in community counseling, working occasionally as an elementary school teacher and counselor. Mrs. Sinclair is currently employed as a temporary elementary school counselor; she earns $2,253 monthly. All the parties' assets were acquired during the marriage. They enjoyed an affluent life-style.
After the final hearing, the trial court entered a final judgment of dissolution distributing to each party his or her respective bank accounts, jewelry, retirement plans, and share of an anticipated IRS refund. In addition, the court awarded Mrs. Sinclair the marital home in which both parties' equity was $50,000, and possession of the 1989 BMW.[2] The final judgment made no provision for payment of the mortgage and *809 taxes on the marital home. The court awarded Mr. Sinclair the 1990 Cadillac.
The court ordered the husband to pay the wife $1,500 a month as permanent periodic alimony and $1,600 per month as child support. The latter amount was reduced by half in December 1991, when the daughter reached majority. Although Mr. Sinclair is required to pay for the children's health insurance, the parties are equally responsible for all medical bills not covered by insurance. The trial court ordered the parties to share parental responsibility, with the wife awarded primary residential custody. Mrs. Sinclair appeals.
We reverse the trial court's distribution of the parties' assets and the award of permanent periodic alimony. The distribution fashioned by the court is not equitable, and no extraordinary showing renders the unequal division appropriate. Eckroade v. Eckroade, 570 So.2d 1347 (Fla. 3d DCA 1990); Halberg v. Halberg, 519 So.2d 15 (Fla. 3d DCA 1987); Ervin v. Ervin, 553 So.2d 230 (Fla. 1st DCA 1989); Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989). Furthermore, the award of $1,500 permanent periodic alimony to the wife is inadequate. Throughout the marriage Mr. Sinclair's salary dwarfed his wife's earnings; there is no evidence to suggest the parties' relative positions will change. "Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties." Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980) (emphasis supplied). The alimony award is insufficient to meet Mrs. Sinclair's needs; it confines her to a style of living far below that enjoyed by the parties during the marriage. Such a result is unnecessary and constitutes error, Wright v. Wright, 577 So.2d 1355 (Fla. 1st DCA), review dismissed, 587 So.2d 1331 (Fla. 1991); Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988), because the record demonstrates that Mr. Sinclair has the ability to pay, Canakaris, 382 So.2d at 1201, and will enjoy an affluent life-style after the dissolution of the marriage. Wright; Carr. Requiring Mrs. Sinclair "to deplete her capital assets in order to maintain her standard of living is wrong as a matter of law." DeCenzo v. DeCenzo, 433 So.2d 1316, 1318 (Fla. 3d DCA 1983); Hanks v. Hanks, 553 So.2d 340, 343 (Fla. 4th DCA 1989); Mann v. Mann, 555 So.2d 1293 (Fla. 3d DCA 1990). For these reasons, we reverse the equitable distribution scheme and the alimony award and remand for the trial court's reconsideration. Noah v. Noah, 491 So.2d 1124 (Fla. 1986); Mayers v. Mayers, 575 So.2d 321 (Fla. 3d DCA 1991); O'Dell v. O'Dell, 583 So.2d 1087 (Fla. 5th DCA 1991); Womble v. Womble, 546 So.2d 24 (Fla. 5th DCA 1989).
In addition, the trial court erred in determining child support. The final judgment provided $1,600 as child support for the two children. That amount fell to $800 in December 1991, when the daughter attained the age of majority. The trial court did not have the benefit of this court's recent pronouncement in Weinstein v. Steele, 590 So.2d 1005, 1006 (Fla. 3d DCA 1991), where we held that "the guidelines should be utilized as a floor in the consideration of the sums to be awarded for child support... ." The $800 awarded is considerably below the guideline amount of $1,148, appropriate for one child whose parents have an income up to $100,800. § 61.30(6), Fla. Stat. (1991). On remand, the trial court must also reconsider its child-support award.
Reversed and remanded for further proceedings.
NOTES
[1] In the final judgment, the trial court found Mr. Sinclair's net monthly income to be $8,576. The only record support for this finding is Mr. Sinclair's Second Amended Financial Affidavit in which he reported his net income as $8,576  allowing himself a $150.00 deduction for payments to his childrens' Florida Pre-Paid College Funds. However, in the affidavit Mr. Sinclair concedes that he no longer makes these payments. The trial court refused to order Mr. Sinclair to make the payments in the future.
[2] The 1989 BMW convertible was a leased vehicle with an approximate $5,000 deposit refund upon return of the vehicle.