667 So.2d 915 (1996)
Verne F. WILLIAMS, Appellant,
v.
Kim WILLIAMS, Appellee.
No. 95-00577.
District Court of Appeal of Florida, Second District.
February 7, 1996.
*916 C. Eugene Jones and Julie Ginsburg Eller of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellant.
John M. Strickland and Herbert H. Hofmann, II of Livingston, Patterson, Strickland & Weiner, P.A., Sarasota, for Appellee.
RYDER, Acting Chief Judge.
Verne Williams, the former husband, seeks review of the lower court's valuation of property for purposes of equitable distribution. He also challenges the court's decision to award primary custody of his son to the former wife, Kim Williams. We affirm the custodial determination without discussion.
We likewise affirm the court's valuation of the parties' marital residence, known as the Clark Road Property. We hold, however, that the trial court erred in assigning a value for goodwill to the husband's accounting practice, Verne Williams Accounting, Inc. Accordingly, we reverse on that issue.
Under Florida law, the goodwill of professional practice can be a marital asset subject to division in a dissolution proceeding, if it exists and if it was developed during the marriage. Thompson v. Thompson, 576 So.2d 267, 269 (Fla.1991). The Thompson court emphasized, however, that for goodwill to be a marital asset, it must exist separate and apart from the reputation or continued presence of the marital litigant. 576 So.2d at 270. The first step in analyzing goodwill is to determine whether it exists. Young v. Young, 600 So.2d 1140, 1142 (Fla. 5th DCA 1992), review denied, 613 So.2d 13 (Fla.1992).
The evidence in this case failed to establish the existence of goodwill in the husband's practice. Mr. Williams was the only accountant in his practice. He performs all of the work himself, and he alone deals with his clients. The Young court noted that, when attempting to determine whether goodwill exists in a practice such as this, the evidence should show recent actual sales of a similarly situated practice, or expert testimony as to the existence of goodwill in a similar practice in the relevant market. 600 So.2d at 1142 (citing Hanson v. Hanson, 738 S.W.2d 429, 435 (Mo.1987)). The wife's expert discussed sales of other accounting practices, but none were similar to Mr. Williams's. While the expert did mention he knew of a one-man accounting practice that had been for sale in 1993, he gave no details of the sale, nor did he state whether goodwill had been a factor in the sale. Moreover, the husband's expert, who testified the practice had no goodwill, stated that no one would buy the practice without a noncompete clause. This is telling evidence of a lack of goodwill. See Walton v. Walton, 657 So.2d 1214 (Fla. 4th DCA 1995).
Under these facts, we hold that the evidence failed to show the existence of goodwill in Verne F. Williams, Inc., separate and *917 apart from the reputation and continued presence of Mr. Williams. The trial court, therefore, erred when it valued the business's goodwill at $43,200.00 for purposes of equitable distribution. Accordingly, we remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part and remanded.
DANAHY and FULMER, JJ., concur.