732 So.2d 47 (1999)
Grace CHRISTIANS, Appellant/ Cross-Appellee,
v.
Robert CHRISTIANS, Appellee/ Cross-Appellant.
No. 98-1574.
District Court of Appeal of Florida, Fourth District.
May 19, 1999.
Kathryn M. Beamer of Kathryn M. Beamer, P.A., West Palm Beach, for appellant/cross-appellee.
James L.S. Bowdish of Crary, Buchanan, Bowdish, Bovie, Roby, Beres, Negron & Thomas, Chartered, Stuart, for appellee/cross-appellant.
STEVENSON, J.
Grace Christians appeals the final judgment dissolving her nine-year marriage to her former husband, Robert Christians, and challenges the equitable distribution of the couple's marital assets and the court's failure to award her attorney's fees. We reverse in part because the trial court failed to include the value of a corporate bank account in its valuation of the husband's business, Flying Trapeze, Inc., but affirm on all other issues raised in the wife's appeal.
The valuation of a business is calculated by determining the fair market value of the business, which is the amount a willing buyer and a willing seller would exchange assets absent duress. See Makowski v. Makowski, 613 So.2d 924, 926 (Fla. 3d DCA 1993). Typically, fair market value measures the value of the assets *48 of the business plus the value of goodwill. See id.
Flying Trapeze is a business whereby the husband primarily constructs and services trapeze equipment for lease or sale exclusively to Club Med. The husband acquired five trapeze units prior to the marriage and thirteen additional units during the marriage. Based upon evidence presented at trial by the couple's experts, the trial court found that the fair market value of Flying Trapeze included only its tangible assets and inventory and that the business had no goodwill value for the purposes of marital distribution. The court valued the marital portion of the business at $137,450 by assigning a value of $10,000 to each trapeze unit acquired during the marriage, adding the value of other inventory, and then subtracting the debt. The trial court, however, failed to include a corporate bank account worth $15,924 in the valuation of the husband's business. Because the trial court used a net asset method to value the business, we find that the court erred in failing to tally the corporate bank account in the valuation.
Additionally, we find that the trial court's failure to assign a goodwill value to Flying Trapeze was not error. Goodwill may be a marital asset subject to division in a dissolution proceeding if it developed during the marriage and it exists separate and apart from the reputation or continued presence of the marital litigant or the tangible asset. See Williams v. Williams, 667 So.2d 915, 916 (Fla. 2d DCA 1996); Young v. Young, 600 So.2d 1140, 1141 (Fla. 5th DCA 1992). The record contains competent evidence to support the trial court's conclusion that any goodwill of Flying Trapeze "rests solely on the Husband's well-known reputation and abilities and his continued existence and involvement [in the business]."
Accordingly, we reverse in part and remand to allow the trial court to readjust the equitable distribution consistent with the holding in this opinion.
Affirmed in part, reversed in part and remanded.
DELL and POLEN, JJ., concur.