# Third District Court of Appeal

## State of Florida

Opinion filed March 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0921
Lower Tribunal No. 22-12375-FC-04
_____

**Anthony Busto,**
Appellant,

vs.

**Natalia Arias,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Jarbath Pena Law Group, P.A., and Fritznie Jarbath, for appellant.

Natalia Arias, in proper person.

Before SCALES, LOBREE and BOKOR, JJ.

BOKOR, J.

This appeal results after Natalia Arias petitioned for a dissolution of her marriage with Anthony Busto, to which Busto counter-petitioned. Busto appeals from the final order of dissolution, primarily challenging the sufficiency of the evidence to support (1) the trial court's valuation of Busto's business, (2) the partitioning of the marital home, and (3) Busto's income for purposes of child support. Because competent substantial evidence supported the trial court's determinations, we affirm on all grounds.

First, we examine the trial court's valuation of Busto's business, Paella 305, which the parties agree constitutes marital property. To value a business, the trial court must determine "the fair market value of the business, which is the amount for which a willing buyer and a willing seller would exchange assets, absent duress." King v. King, 313 So. 3d 887, 891 (Fla. 1st DCA 2021) (cleaned up). While the trial court is constrained to "consider all the company's assets and all its liabilities," id., it nonetheless possesses "broad discretion to fashion an equitable distribution scheme, as long as it supports its distribution with specific factual findings that are supported by competent, substantial evidence." Harby v. Harby, 331 So. 3d 814, 821 (Fla. 2d DCA 2021) (quotation omitted).

Busto contends that the trial court erred in calculating the business's value by including his salary as both an expense and an asset. In effect,

Busto's $104,500 salary was deducted as an expense, to arrive at a net income figure of $16,540.41, and then added back in to arrive at an overall valuation of $121,140.41. Neither side provided an expert. Busto argues on appeal that his salary constitutes personal goodwill, or value added through his skill or expertise, which should not be added in to the business valuation as an asset. See King, 313 So. 3d at 892 ("When making an equitable distribution, a trial court should exclude from its valuation of a business the amount of a party's personal goodwill." (citing Thompson v. Thompson, 576 So. 2d 267, 270 (Fla. 1991) (explaining that personal goodwill represents a person's probable future earning capacity and should not be in the value of a professional practice for purposes of equitable distribution)). Importantly, there was no testimony before the trial court to establish the value of any goodwill attributable to Busto. See Williams v. Williams, 667 So. 2d 915, 916 (Fla. 2d DCA 1996) ("[T]he evidence should show recent actual sales of a similarly situated practice, or expert testimony as to the existence of goodwill in a similar practice in the relevant market."). Without expert testimony, or indeed any testimony regarding goodwill, the trial court took Busto's testimony at face value—the $104,500 salary constituted his compensation from the business. This is supported by the fact that the cost of goods sold included an entry for Busto's compensation.

The trial court appears to have valued the business using the seller's discretionary earnings method.[1] This method includes pre-tax net income plus, among other factors, the owner's compensation. The trial court, following this formula, took the gross business income, subtracted the cost of goods sold (which included the owner's compensation) and expenses to determine net income, then added back in the owner's compensation to arrive at the final valuation. Here, where neither party proffered expert testimony regarding a method of computation, the trial court was within its discretion to "adopt a valuation that is supported by competent, substantial evidence." Lally Orange Buick Pontiac GMC, Inc. v. Sandhu, 207 So. 3d 981, 986 (Fla. 5th DCA 2016). The trial court utilized a legitimate method of calculating valuation, showed its calculations, and relied on competent, substantial evidence in the record. Although alternative methods of valuation may have been available, based on the record, we find no abuse of discretion in the trial court's election of methodology or valuation determination.

---

[1] See Danniel Baer et al., Business Valuation and Damages § 8.2.4, in Massachusetts Expert Witnesses, ch. 8 (4th ed. 2022) ("When performing a business valuation, adjustments are sometimes made to historical financial statements to normalize operations and to consider separately assets not related to the operations of the business. . . . The salary, profit, and any additional perks earned by the owner is called seller's discretionary earnings (SDE). Such charges do not affect the future of a business and are therefore not relevant to the value of the business on a forward-looking basis.").

4

Second, Busto also claims that the trial court erred in arriving at his net income per month of $8,419.00, which then introduced error into the alimony and child support calculations. Busto claims the payment of approximately $3,000 per month, which constituted Busto's temporary support obligations for Arias, came from his personal bank account. But the bank account from which the money comes is irrelevant. In other words, simply noting that the money was sent to Arias from a personal and not a business account provides little insight into where the money originated. What matters is whether this money came from Busto's 2023 salary of $95,247.25, or if it was listed separately as another business expense, as the trial court concluded. If the support payments came from Busto's salary draw, then we would agree with Busto that the payments shouldn't have been added to his draw from the company to form a larger imputed income. The 2023 profit and loss statement, which the trial court concluded is the best evidence, supports the trial court's conclusion. The profit and loss statement lists a "cost of good sold" of $37,261.24 attributable to Natalia Vargas (a.k.a. Natalia Arias). This is the amount of Busto's temporary support obligations, and it is a separate line item from Busto's salary draw. This therefore provides competent substantial evidence to support the trial court's conclusion that Busto paid

5

Arias "$37,261.24 from the business income" and that such sum should be imputed as part of Busto's income.

Finally, Busto claims the trial court abused its discretion in valuing the marital home at $400,000. The court here found that "the only evidence of the value of the home subsequent to the date of purchase appears on the Wife's financial affidavit of February 1, 2024, wherein she values the home at $400,000.00." Busto alleges that the court improperly disregarded his financial affidavit estimating the value of the home at $480,000.00. However, Busto's affidavit was filed August 19, 2022, nearly two years prior to the judgment. "The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances. Different assets may be valued as of different dates, as, in the judge's discretion, the circumstances require." § 61.075(7), Fla. Stat.; see also Bellegarde v. Bellegarde, 392 So. 3d 152, 155 (Fla. 4th DCA 2024) (finding abuse of discretion in valuing marital home by date of dissolution instead of date of separation where former wife had exclusive possession and paid all repair and tax fees while former husband was not living in home and made no financial contributions). We affirm the trial court on the home valuation as well because Busto offers no explanation, to this court or the trial court, why

6

it would have been more equitable for the court to use a significantly older valuation over the more recent one, or how the trial court's relying on the significantly newer valuation constituted an abuse of discretion.

Affirmed.